CARY BRICK CO. v. FIDELITY & CASUALTY CO. OF NEW YORK.

(Supreme Court, Appellate Division, Third Department.  May 6, 1914.)

1. INSURANCE (§ 435*)—RISKS COVERED—EMPLOYERS' LIABILITY INSURANCE.

A policy which insured a corporation engaged in the manufacture of bricks against loss for injuries of its employés while engaged in the manufacture of brick, digging and transferring of clay in its plant at a designated place, covered liability for injuries received by an employé while he was assisting in dredging a canal, which was located entirely within the brickyard and was used in bringing in supplies and in shipping out bricks.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1144; Dec. Dig. § 435.*]

2. INSURANCE (§ 146*)—CONSTRUCTION OF POLICY—EMPLOYERS' LIABILITY INSURANCE.

The language of an employers' liability insurance policy should be given the meaning most favorable to the insured, since the insurer is responsible for the language used.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 292, 294–298; Dec. Dig. § 146.*]

3. INSURANCE (§ 435*)—RISKS COVERED—EMPLOYERS' LIABILITY INSURANCE.

The fact that a canal is not an ordinary convenience in a brickyard does not show that an employers' liability insurance policy was not intended to cover injuries to employés assisting in the dredging of such canal, where the canal was located within the plant and had been continuously used in connection therewith during all of the time that the insurance had been in force.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1144; Dec. Dig. § 435.*]

Appeal from Special Term, Saratoga County.

Action by the Cary Brick Company against the Fidelity & Casualty Company of New York.  Judgment for the plaintiff, and defendant appeals.  Affirmed.

The opinion of Van Kirk, J., at Special Term, was as follows:

The plaintiff is engaged in manufacturing brick from clay at its plant known as Newton Hook, N. Y.  The Newton Hook property and plant adjoins the Hudson river on its left bank or shore.  In 1902, the plaintiff constructed a canal from the Hudson river, a navigable stream, across its lands to its storehouse and docks.  This canal is some 1,500 or 1,600 feet long. Through this canal the plaintiff has been accustomed to and does carry much of its fuel and supplies for the plant, and conveys away the greater part of its manufactured product.  The defendant is an insurance company which issues what is called "employers' liability insurance."  In 1903 and 1904 it had a policy outstanding for the benefit of this plaintiff to cover injuries to employés working in this plant.  In October, 1908, a like policy was issued, and on October 8, 1909, the policy in question was issued for a period of one year. On the 23d day of May, 1910, Edward Meiske was an employé of the plaintiff; and, while engaged in dredging the said canal upon the plaintiff's property, received injuries by the swinging or falling of the boom to the derrick used in such dredging.  The derrick was the property of the plaintiff, used by it not only for dredging the canal but for loading and unloading barges at its dock and storehouse, as well as for other purposes.  At the time of the accident it was placed upon a barge chartered by the plaintiff for the purpose.  Meiske brought an action against this plaintiff and recovered a judgment which has been paid.  The plaintiff gave notice to the defendant of the accident and also informed it of the papers served in Meiske's action, at the

same time demanding that this defendant come in and defend the Meiske action. This defendant refused to come in and defend. This action is brought to recover: First, at law upon the policy as it now reads; and, second, if a recovery is not allowed upon the first cause of action, that the policy be so reformed as to cover this risk and recovery be allowed thereon of the amount paid in discharge of the Meiske judgment, together with expenses, etc. The only question raised by the defendant is whether or not the policy issued by this defendant to this plaintiff covered the Meiske risk.

[1] I think a recovery should be had in the action at law. The right to recover on the policy depends on whether or not the policy covered injuries to employés engaged in dredging the canal. In statement 4, under the schedule of statements and under the description, "Kind of work," in the policy, is the following: "Manufacturing of brick, clay digging and transferring of clay to yard." Under the heading, "Place where work is to be done," "At and about plant at Newton Hook, Columbia Co., N. Y." The canal was plainly within the description of the place where work is to be done. The description of the kind of work is general and not specific; there is no attempt to define the different steps in "Manufacturing of brick," the different processes used, or the materials, facilities or equipment of this plaintiff that are to be included in the expression, "Manufacturing of brick," further than it does include "Clay digging and transferring of clay to yard."

[2] The defendant is responsible for the language used in the policy, and the meaning most favorable to the insured must be accepted. Rickerson v. H. F. I. Co., 149 N. Y. 313. It seems to me the plain intent and meaning of the policy is that it covered employés engaged in work done by the plaintiff upon its property in all its appropriate operations in connection with the manufacturing of brick from the first act of procuring the materials for making brick to the last act in delivering from its property its completed product. It includes procuring and conveying, upon its property, the fuel and supplies; also conveying for shipment the made brick. The canal was a part of the plant, one of its facilities. It has been in use by the plaintiff during the two years covered by policies issued by this defendant prior to the one in question. It was used constantly and is the chief means of receiving fuel and other supplies, and for delivering its manufactured product. The policy not only covers men engaged in the production of brick, but those engaged in making ordinary repairs upon the plant and its facilities. These repairs are customarily made by the regular employés of the company, and an employé engaged in making such ordinary repairs is within the scope of the policy. The repair of the canal on the property of the plaintiff was the repair of one of its necessary facilities, dredging the material which gradually worked into the canal from its banks or from the river by the tide, and was obstructing the passage of barges therein, is a part of ordinary repairing. It was work such as had been done year after year, and a necessary part of the work for maintaining the plant, as it was being used in the manufacturing of brick. I find nothing in the policy in conflict with this construction. The reading of "Condition B," and especially "B (5)," in connection with "Schedule of statements," seems to me to confirm this construction. While the description of the kind of work is not given in detail, it does not seem to me uncertain. When we have a description of the plant, its equipment and facilities, at the time the several policies were issued by this defendant to this plaintiff, we can determine the intended meaning of "Brickmaking."

[3] That a canal is an unusual convenience in connection with the manufacturing of brick does not seem to me sufficient to justify the court in saying that it was not a part of the ordinary plant for manufacturing brick. This plant was located beside the Hudson river; the canal has been there since 1902; it was built and maintained by plaintiff as part of its works; its use has been patent; and, while it is a means of conveyance that ordinarily would not be used except a plant was located near navigable water, it is in no sense an unusual means of conveyance and is the most natural and ordinary means, when the plant was upon the shore of a navigable stream. Every manufacturing plant must have some means of transportation. A macadam road across the plant might be said to be an unusual facility in a brickyard; and yet, if this plaintiff had been receiving supplies and delivering to a carrier made bricks across its property

upon a macadam road, and an employé had been injured while making ordinary and necessary repairs to this macadam road on its property, it seems to me the defendant insurance company could not be heard to say, in repudiating a claim of liability, that the road was an unusual convenience or appliance in connection with such a plant. The insurance company and this plaintiff intended that this policy should apply to this plant as it then existed and was being used and had been used. To uphold a finding that the policy covers a risk, it is not essential to.find that the insurance company knew every detail or every facility of the enterprise covered by its insurance. It is not probable that, at the time an insurance contract is made, either party has in mind every detail, every appliance, or every facility covered. By using a general term they mean to cover all.

The defendant asks where the line shall be drawn, if the repairing of the canal is held to be within the contemplation of the parties. So far as this case is concerned, the policy answers. It covers only the operations "in and about the plant at Newton Hook." This accident was on plaintiff's property and while repairing and making serviceable one of the facilities of its business on its property.

I do not think it necessary to pass upon the other cause of action. If plaintiff's contention in that respect, to the full, were upheld, it would cover no more than this: Add to the description of the "kind of work," the words, "all the operations of the insured in connection with its brickmaking business at this plant." I think the description as stated in the policy means all that and was so intended by the parties.

Findings accordingly may be presented.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Nadal, Jones & Mowton, of New York City (Danforth E. Ainsworth and Charles B. Sullivan, both of Albany, of counsel), for appellant.

Edgar T. Brackett, of Saratoga Springs (Benjamin P. Wheat, of Saratoga Springs, of counsel), for respondent.

PER CURIAM. Judgment unanimously affirmed, with costs, upon the opinion of Van Kirk, J., at Special Term.

---

BREESE v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. May 1, 1914.)

STREET RAILROADS (§ 117*)—PERSONAL INJURIES—QUESTION FOR JURY—CONTRIBUTORY NEGLIGENCE.

Where one with an unobstructed view of the street was struck by a car while standing in the three-foot space between the track and an automobile, the question of his contributory negligence was for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

Appeal from Trial Term, Kings County.

Action by Charles H. Breese against the Nassau Electric Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Frederick S. Martyn, of Brooklyn, for appellant.
D. A. Marsh, of Brooklyn, for respondent.