In the Matter of the Claim of KRISTENSE JAABECK, Respondent, against THEODORE A. CRANE'S SONS COMPANY, Appellant, and ROYAL INDEMNITY COMPANY Respondent.

STATE DEPARTMENT OF LABOR, Respondent.

**Workmen's compensation — insurance carrier — State Industrial Board has jurisdiction to determine liability of carrier under its policy — injury of employee while working at house of manager of employing company — when carrier liable within terms of po icy.**

1. The State Industrial Board has jurisdiction to determine the liability of an insurance carrier under its policy, and either the carrier or the employer may appeal to the higher courts. (Workmen's Compensation Law, §§ 23, 54, subds. 1, 2.)

2. Where a compensation policy by its terms was to cover the employer's liability while doing carpentry work anywhere in the State of New York and " the insured's liability as therein defined in connection with all other classifications of work in addition to those described in the said policy," the insurer is liable for the amount of an award made to the widow of an employee who died from injuries received while doing carpenter work at the house of the manager of the insured company in Brooklyn by direction of his foreman, under an arrangement, to which the employee was not a party, that the owner of the house should pay the employee while he was at work upon the place, he having been off the payroll of the insured for a portion of the time that he was so engaged but at the time of the injury having been back on the payroll for about a week.

3. A rider extending the policy to cover the interest of another

party in connection with work to be done at her residence cannot be taken as in any way limiting the general meaning of the other terms of the policy, declaration and extensions.

*Jaabeck* v. *Crane's Sons Co.*, 206 App. Div. 574, reversed.

(Argued May 12, 1924; decided June 3, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 26, 1923, reversing an award of the State Industrial Board made under the Workmen's Compensation Law as against the insurance carrier, and affirming the same as against the employer.

*James W. Hyde* and *George W. McKenzie* for appellant. The Appellate Division erred in affirming the award only as against the employer, and in reversing said award and dismissing the proceeding as against the insurance carrier, for the reason that said carrier is thus permitted to violate its contract obligations to this employer. (*Knocks* v. *Metal Packing Co.*, 231 N. Y. 78; *Bushey* v. *American Ins. Co.*, 237 N. Y. 24; *Aldrich* v. *N. Y. Life Ins. Co.*, 235 N. Y. 214; *Michael* v. *Prussian Nat. Ins. Co.*, 171 N. Y. 25; *Cary Brick Co.* v. *Fidelity & Casualty Co.*, 162 App. Div. 873; 220 N. Y. 744; *Gunther* v. *L. & L. & G. Ins. Co.*, 34 Fed. Rep. 501; 134 U. S. 110; *Brassil* v. *Maryland Casualty Co.*, 210 N. Y. 235; *Green River Distilling Co.* v. *Mass. Bonding & Ins. Co.*, 197 App. Div. 499, 502; *N. Y. Consolidated R. R. Co.* v. *Mass. Bonding & Ins. Co.*, 193 App. Div. 438, 444.) The Appellate Division when it reversed the award and dismissed this proceeding as against the insurance carrier overlooked the mandatory provision of subdivision 2 of section 54 of the Workmen's Compensation Law and failed to observe that the policy contained a covenant that the carrier should " in all cases be bound by and subject to " the award rendered against the employer for the payment of compensation under the Workmen's Compensation Law. (*Travelers*

*Ins. Co.* v. *Padula Co.,* 224 N. Y. 397; *Archer* v. *Equitable Life Co.,* 218 N. Y. 18; *Riggs* v. *Palmer,* 115 N. Y. 506; *Matter of Jannicky,* 209 N. Y. 413; *Matter of Meyer,* 209 N. Y. 386; *Matter of Dowling,* 219 N. Y. 44.)

*Barnett Cohen* and *Frank J. O' Neill* for Royal Insurance Company, respondent. The policy of insurance, together with the indorsements issued by the Royal Indemnity Company to the Theodore A. Crane's Sons Company, does not afford protection to that company for the accidental death of Bernt E. Jaabeck. (*London G. & A. Co.* v. *Marine Repair Corp.,* 120 Misc. Rep. 596; *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205; *Knickerbocker Ice Co.* v. *Stuart,* 253 U. S. 149; *Central Trust Co.* v. *Importing Co.,* 169 N. Y. 314; *Neubeck* v. *Doscher,* 204 App. Div. 617; *Matter of Skoczlois* v. *Vinocour,* 221 N. Y. 276; *Matter of Cheesman,* 236 N. Y. 471.)

*Carl Sherman, Attorney-General (E. C. Aiken* and *Harold L. Warner* of counsel), for State Department of Labor, respondent.

CRANE, J. Theodore A. Crane's Sons Company was a corporation engaged in the business of building and repairing ships and maintaining drydocks for this purpose at Erie Basin, borough of Brooklyn, city of New York.

Bernt E. Jaabeck was a carpenter employed as such by Theodore A. Crane's Sons Company, and living at 270 Sixty-first street, in said borough of Brooklyn. Some time in the spring of 1921 Jaabeck had been directed by the foreman of the company to go to the home of Wilbur H. Crane, 1711 Newkirk avenue in Brooklyn, to do carpenter work on the porch of the house. Wilbur Crane was the manager of Theodore A. Crane's Sons Company, but not an officer or director thereof. He was on the payroll and received a salary as manager. On June 7, 1921, while doing this carpenter work at Wilbur Crane's home, Jaabeck tripped over a cord on the lawn and

sustained such injuries that he died therefrom on the 5th day of December, 1921.

On other occasions carpenters employed by the Theodore A. Crane's Sons Company had been sent to do carpenter work at the homes of the officials of the company. The arrangement between the company and these officials was that the owner of the house should pay the employee while he was at work upon the place. The employee was not a party to such arrangements. In this case Jaabeck had been off the payroll of the company for a portion of the time that he was working on Wilbur Crane's house. At the time of his injury, however, he was back on the payroll, and had been for about a week. Jaabeck had been in the employ of the company as a carpenter for about six years.

Pursuant to the provisions of the Workmen's Compensation Law (Cons. Laws, ch. 67) the Theodore A. Crane's Sons Company had taken out a compensation policy with the Royal Indemnity Company, respondent in this case.

After the death of Jaabeck, his widow, Kristense Jaabeck, on behalf of herself and minor child, presented a claim to the Industrial Board for compensation under the Workmen's Compensation Law. After full and complete hearing an award was made to the claimant against both the company and the insurance carrier. On appeal to the Appellate Division, that court sustained the award as to the employer, but reversed and dismissed the claim as to the insurance carrier, on the ground that the policy did not cover the risk. The employer is the appellant in this court, and the insurance carrier the respondent, the sole question presented being whether the terms of the policy make the insurance carrier liable for this award. The dispute is between the employer and the insurer.

That the State Industrial Board had jurisdiction over the insurance carrier as well as the employer and the

power to make this award against the insurance carrier is distinctly stated in subdivision 1 of section 54 of the Workmen's Compensation Law. Pursuant to this provision condition " D " of the policy provides that the obligations of the insurance company " are hereby declared to be the direct obligations and promises of the company to any injured employee covered hereby, or, in the event of his death, to his dependents." Subdivision 2 of section 54 provides that jurisdiction of the employer shall be jurisdiction of the insurance carrier and that the carrier shall in all things be bound by the awards rendered against the employer for the payment of compensation. Section 23 of the Workmen's Compensation Law provides for appeal to the Appellate Division and to this court by any party in interest. The State Industrial Board, therefore, had jurisdiction to determine the liability of the insurance carrier under its policy, and either the carrier or the employer being parties in interest could appeal to the higher courts. (*Matter of Phillips* v. *Holmes Express Co.,* 229 N. Y. 527; *Matter of Cheesman* v. *Cheesman,* 236 N. Y. 47.)

The question, therefore, between the carrier and the employer being rightfully before this court, we are called upon to examine the terms and conditions of the policy in order to determine the merits of this appeal. Turning to the policy we find that it covers the compensation payable under the Workmen's Compensation Law of the State of New York to persons injured. The terms material to our consideration are as follows:

" ROYAL INDEMNITY COMPANY

"(Head Office, New York.)

" DOES HEREBY AGREE with this Employer........as respects personal injuries sustained by employees, including death at any time resulting therefrom, as follows:

" One (a) To PAY PROMPTLY to any person entitled thereto under the Workman's Compensation Law...... any sum due......

" (1) To such person, because of the obligation for compensation for any such injury imposed upon or accepted by this Employer under......the Workman's Compensation Law, and "

"(2)...............:..

" It is agreed that all the provisions of each Workman's Compensation Law covered hereby shall be and remain a part of this contract as fully and completely as if written herein................"

" One (b)................

" Two................:....

" Three.   To DEFEND, in the name and on behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands wholly groundless, false or fraudulent."

" Four.   To PAY all costs taxed against this Employer in any legal proceeding defended by the Company......"

" Five.   THIS AGREEMENT SHALL APPLY to such injuries sustained by any person or persons employed by this Employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this Policy is to be computed and adjusted........"

" Six.   THIS AGREEMENT SHALL APPLY to such injuries so sustained by reason of the business operations described in said Declarations. which, for the purpose of this insurance, shall include all operations described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with, or in relation to, such work places."

Turning to the declaration we find the name of the employer given as "Theodore A. Crane Sons Co., a corporation, at Erie Basin, Brooklyn, N. Y." Annexed to the declaration is an extension schedule classifying the operations which the policy is to cover. These operations are separately lettered and begin with class "A" which is shipwright work covering among other things ship carpentry or ship ceiling work. Class. "G" covers carpentry work, installation of interior trim such as builders' finish and cabinet work. Schedule "H," covering plumbing, includes house connections. The location where these various operations may be conducted includes the Erie Basin, Brooklyn, New York, and elsewhere in New York State.

It would thus appear from the policy and the extended schedule that the class of risk which was covered by this policy was carpentry work done by the company either at its drydocks and yards or anywhere in the State of New York. If it were carpentry work being done by an employee of the Crane Company for which he was paid by the company the policy would appear to cover such a case. But we may consider another rider annexed to the policy which extended it still further. It reads, "It is hereby understood and agreed that the undermentioned policy is extended to cover the insured's liability as therein defined in connection with all other classifications of work in addition to those described in the said policy." The policy was to cover the employer's liability under the Workman's Compensation Law. The employer in this case was liable for Jaabeck's death as he was on the payroll of the company at the time, was its general employee, and was doing work by the direction of the company's foreman in the State of New York. The employer was, therefore, liable under the Workmen's Compensation Law. The policy of the carrier insured the employer against such liability in cases specified and classified in the policy, the declaration, and riders annexed.

These specifications included carpentry work in the State of New York and " the insured's liability as therein defined in connection with all other classifications of work in addition to those described in the said policy." If for any reason the work of Jaabeck at the house of Wilbur Crane was not covered by classification " G " in the declaration it surely was covered by this general omnibus rider which extended the policy to all other classes of work. This certainly was a class of some kind. It was carpenter work, done by the direction of his employer, paid for by his employer, and done within the State of New York.

Much emphasis has been placed upon another rider which referred to work being done at the residence of Mrs. E. C. Brown. This reads as follows: " It is hereby understood and agreed that the undermentioned policy is extended to cover the interest of Mrs. E. C. Brown, in connection with work, as defined in said policy conducted at the residence of Mrs. E. C. Brown, located at 264 Berkeley Place, Borough of Brooklyn, New York." It is insisted on behalf of the respondent that as work upon Mrs. Brown's house was specifically mentioned and covered by this policy, the implication must be that the work upon Wilbur Crane's house was excluded; the reasoning is that mention of Mrs. Brown's house was not required to bring it within the policy if otherwise the general terms of the policy would have covered it. We do not give this meaning to the rider. In the first place, the insurance company knew by the rider that employees of the company were doing work for the company's officials at their private dwellings. This rider further recognizes that this class of work, that is, the nature of the work is covered by the policy, for it says that the policy is extended to cover Mrs. Brown " in connection with work, *as defined in said policy* conducted," etc. Therefore, work as defined in the policy was being done

21

at Mrs. Brown's residence. There is one thing, however, that this rider does not state. It does not state that the policy is extended to cover work being done at Mrs. Brown's house; it is not the *work* which is classified or included within the policy. It is the *interest* of Mrs. Brown which the policy is extended to cover. It so states; it necessarily must be taken to mean what it states. Therefore, this rider recognizes that the policy covers the work being done upon Mrs. Brown's house. It is being done for the company by one of its employees, paid by the company. If for any reason Mrs. Brown should be held liable because as between her and the workman there exists the relationship of special, as distinguished from general employer and employee, the policy is to cover her interest. We cannot, therefore, take this rider as in any way limiting the general meaning of the other terms of the policy, declaration and extensions.

If there be any doubt as to the meaning of its terms, the language should be given the meaning most favorable to the insured. (*Cary Brick Company* v. *Fidelity & C. Company of N. Y.*, 162 App. Div. 873; affd., 220 N. Y. 744.)

We, therefore, conclude that the policy covered this liability upon the part of the insured and that the insurance carrier as well as the employer were rightly held liable to pay this award by the State Industrial Board. This leads to a reversal of the Appellate Division order, and an affirmance of the order of the State Industrial Board, with costs to the employer.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, ANDREWS and LEHMAN, JJ., concur.

Order reversed, etc.