Before STATE INDUSTRIAL BOARD, Respondent.

HARRY ASTRIN, Respondent, *v.* EAST NEW YORK WOODWORK MANUFACTURING COMPANY and Another, Appellants.

*Third Department, November 21, 1924.*

**Workmen's compensation — coverage — policy of insurance issued on business at specified location does not cover business after its removal to another location in absence of notice and acceptance of change.**

A policy of workmen's compensation insurance issued on a business conducted at a stated location does not cover an accident occurring at a new location of the insured's entire works, after the location specified in the policy had been completely abandoned, where the policy provides that such a change must be agreed to by the agent countersigning the policy, and where it appears that neither the carrier nor its duly authorized agent was notified of the change in location until after the accident and did not agree that the policy should cover the new location.

APPEAL by the defendants, East New York Woodwork Manufacturing Company and another, from an award of the State Industrial Board, made on the 6th day of February, 1924.

*Pettigrew, Glenney & Bovard [Walter L. Glenney* of counsel], for the appellants.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

VAN KIRK, J.:

Though the appeal is taken by the employer and carrier, the one question in the case is whether or not the policy of insurance covered the risk, inasmuch as the location of the factories, shops, etc., of the employer, at the time the policy was written, and as defined therein, was at 200–204 Osborn street, Brooklyn, N. Y.,

while, at the time of the accident, this location had been completely abandoned and the employer's entire works had been moved to 90–92 New Lots road, Brooklyn, N. Y., at which location claimant suffered his injuries. The contest is solely between the employer and the carrier.

The carrier had never been notified of this change of location. The employer had notified the insurance broker and this broker notified Bartow & Wood, who were insurance agents, but they were not general agents of this carrier, and, in handling compensation insurance for the carrier, acted only as special agents or brokers. These agents did not, until after the accident, notify the carrier. The policy of insurance was never sent to the broker and never had any indorsement thereon and no change has been initialed thereon by any agent. In the findings the Industrial Board has made no reference to this change of location. The policy contains the following: " No condition or provision of this policy shall be waived or altered except by an indorsement attached hereto signed by the Manager and Attorney of the corporation; nor shall notice to any agent, nor shall knowledge possessed by any agent or by any other person, be held to effect a waiver or change in any part of this contract. Changes in the written portion of the declarations forming part hereof (except Items 2, 3 and 4) may be made by the agent countersigning this policy, such changes to bind the corporation when initialed by such agent." Item 3 of the declarations is: " Locations of all factories, shops, yards, buildings, premises or other work places of this employer, by Town or City, with Street and Number — 200–4 Osborn St., Brooklyn, N. Y." We have then an insurance policy defining the location of the employer's plant at one location, namely, that defined in the policy, while the accident occurred at a time when the employer had no part of its plant at this location and while its plant was at another and different location.

The relation between the employer and the carrier is entirely contractual. As said in Gans v. Ætna Life Ins. Co. (214 N. Y. 326, 330): " The intent of the insured and the company  *  *  * as expressed, binds and obligates both of the parties. Presumptively, their intent is expressed by the natural and ordinary meaning of their language referable to it and such meaning cannot be perverted or destroyed by the courts through construction. Where the parties by their words have left no fair reason for doubt, there is no just or defensible excuse for construction." While the policy should be construed, whenever construction is permissible, most favorably to the insured, the phraseology being the carrier's, the coverage of the policy cannot be extended by the courts beyond

46

its plain and natural meaning. The carrier bases its charges upon the declarations of the insured. It has a right to know the risks and liabilities which it assumes, and the premium is based upon the expenditures for employees in connection with the plant and business defined. The employer may add to the number of his employees and to his payroll at this plant and the premium payable may be thereafter adjusted in accordance therewith; but there is no provision of the policy permitting an employer to include employees engaged in another business, or at or in connection with an entirely other and different plant. An employer may be engaged in two separate and distinct kinds of business. He may be a paper manufacturer and at the same time the operator of a quarry. If these two employments or industries are entirely separate, a workmen's compensation policy covering employees and risks in the paper industry would in our view not cover employees and risks in the quarry. This policy provides that it " shall apply to such injuries so sustained by reason of the business operations described in said declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said declarations or elsewhere in connection with, or in relation to, such work places." The policy then covers only operations at the location defined, or which radiate therefrom; and item 5 of the declarations states: " This employer is conducting no other business operations at this or any other location not herein disclosed — except as herein stated." No exceptions are stated. These provisions clearly state the intent of the parties as to the limitation of the carrier's liabilities and were in the minds of the parties when the rate at which the insurance is carried was fixed. The risks assumed by the carrier at one location might be very different from those in another location. If the buildings are old, dilapidated wooden buildings, the risk would be much greater than if they were up-to-date and fireproof. Or, if the industry be a manufacturing concern, the risk would be much greater if the machinery and its equipment is not guarded and protected as required by the Labor Law than if the requirements of that law had been fully complied with. In *Neubeck* v. *Doscher* (204 App. Div. 617, 619), when considering this question, this court said: " We are unwilling to take the position that specifying the locations of business operations under such policies has no significance. It is one of the means by which liability is restricted. (*Bahr* v. *National Fire Ins. Co.*, 80 Hun, 309.) " In *Beauchamp* v. *Altmark* (207 App. Div. 876) we held that a compensation policy of insurance

issued to an individual would not cover the employees of a partnership later formed to operate the same business. This is not a case in which there has been a mistake in defining the location and when the carrier intended to cover the plant and business of an employer knowing its true location and condition; under such circumstances the policy might be reformed.

The question in *Matter of Jaabeck* v. *Crane's Sons Co.* (238 N. Y. 314) is very different. In that case the Court of Appeals held that the employee had been on the payroll of the company and at the time the injury was received was in fact on the payroll. He was employed regularly to do carpenter work and was doing such work under the direction of the foreman of the employer at the time of the injury. The class of risk was covered by the policy.

The award against the carrier should be reversed and the claim dismissed; the award should be affirmed as against the employer.

All concur.

Award against the insurance carrier reversed and claim dismissed, without costs. Award against the employer unanimously affirmed, without costs.