In the Matter of the Claims of MARGARET McMAHON and Others, Respondents, against JOHN B. GRETZULA, Impleaded with STAND-ARD ACCIDENT INSURANCE COMPANY OF DETROIT, MICHIGAN, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 20, 1929.

*Mangan & Mangan* [*Thomas J. Mangan* of counsel] for the appellant insurance carrier.

*McManus & Buckley* for the claimants, respondents.

*Hamilton Ward, Attorney-General,* for the respondent State Industrial Board.

HINMAN, J. The Standard Accident Insurance Company, through its agents, Huber & Partridge, of Scranton, Pa., issued its

policy of workmen's compensation insurance to John B. Gretzula of Throop, Pa. In the declarations attached to the policy it was recited by Gretzula that the location of his factories and other workplaces was as follows: " 505 Sanderson St., Throop, Pa., and elsewhere in the State of Penna." The business designated in the declarations was: " Painting and decorating, including shop." The policy provides a " notice " just above the declarations and in connection therewith, reading: " The ' Home State ' of this Employer is understood to be the State in which his operations are principally conducted as herein described. This policy within its terms and provisions covers the obligations of this Employer (1) for compensation under the Workmen's Compensation Law of the Home State for injuries wherever sustained, if such law is extraterritorial or otherwise applicable, or (2) for damages because of the liability imposed upon him by law for such injury, to any employee wherever injured. If the obligations of this Employer for compensation under the Workmen's Compensation Law of any other State are to be covered, a State Rate Sheet showing rates in each of such States must be attached to the Proposal and a copy thereof attached to the Declarations forming a part of the Policy." The policy also contained this provision as to changes: " Condition L. No condition or provision of this Policy shall be waived or altered except by endorsement attached hereto signed by the President, a Vice-President or Secretary of the Company; nor shall notice to any agent, nor shall knowledge possessed by any agent or by any other person, be held to effect a waiver or change in any part of this contract."

John B. Gretzula, the employer, after the issue of said policy, undertook some painting work at Deposit, N. Y. In order to be assured of coverage in New York State, he notified the broker, through whom his policy had been written, of his intention. The broker has testified that the agents who wrote the policy agreed to cover said work. The agents later sent a rider which was attached to the policy and for which an additional premium was paid. The employer was orally assured by his broker that the rider fully protected him while doing work in New York State. Such was not the fact. The rider simply provided: " In consideration of an additional premium of forty-five and 00/100 dollars ($45.00) and subject otherwise to all of its provisions, conditions and limitations, it is hereby understood and agreed that the undermentioned Policy is extended to include the following classification: ' Iron Erection '— Code No. 655 — Payroll $1000.00, Rate $4.50."

The claimant's intestate, who lived in Scranton, Pa., was a structural ironworker, but when his work was slack he worked at

painting for Gretzula. Claimant's intestate was injured at Deposit, N. Y., while painting the roof of a water tank for Gretzula, by slipping and falling to the ground. He died as a result of the injuries sustained. After disallowance of a claim in the Commonwealth of Pennsylvania on the ground that the Pennsylvania statute did not apply to any accidents occurring outside of that Commonwealth, a claim was made by the widow and two dependent children in New York State and an award has been made by the New York State Industrial Board in their favor against both the employer and the carrier. This appeal is from that award. The State Industrial Board has found that the employer " secured the benefits of the Workmen's Compensation Law to his employees working in the State of New York by taking out a Standard Workmen's Compensation Policy with the Standard Accident Insurance Company, and paid the premium on said policy to cover the work done by the employer in the State of New York."

The policy and rider limited the coverage to work performed in Pennsylvania and concededly the work on which deceased was employed at the time of his injury was in the State of New York. The terms of the policy could not be changed or waived by oral agreement of the agent of the company. The policy expressly required an indorsement attached thereto signed by the president, a vice-president or secretary of the insurance company. It was also expressly provided that notice to any agent, or knowledge possessed by any agent or by any other person should not be held to effect a waiver or change in any part of the contract of insurance. The terms of the policy and rider were controlling as to the liability of the insurance carrier. (*Astrin* v. *East New York Woodwork Mfg. Co.*, 210 App. Div. 720; *Levine* v. *East New York Electric Corp.*, Id. 730; *Neubeck* v. *Doscher*, 204 id. 617; *Matter of Szabo* v. *Standard Commercial Body Corp.*, 221 id. 722; *Matter of Pettit* v. *Reges*, 242 N. Y. 272.)

Presumably the State Industrial Board made a finding of coverage based upon an oral insurance agreement contrary to the terms of the written policy and its rider. The State Industrial Board has jurisdiction to determine the liability of an insurance carrier under its policy. (*Matter of Jaabeck* v. *Crane's Sons Co.*, 238 N. Y. 314; *Matter of Cheesman* v. *Cheesman*, 236 id. 47; *Matter of Skoczlois* v. *Vinocour*, 221 id. 276.) We are aware of no case, however, where it has been held that the State Industrial Board has the jurisdiction of a court of equity to reform the policy to comply with an oral insurance agreement. (*Lewitt & Co., Inc.*, v. *Jewelers' Safety Fund Society*, 249 N. Y. 219.) The power to reform instruments is an extraordinary one and its exercise has always

been carefully guarded and administered by courts of equity alone. The Workmen's Compensation Law is silent upon the subject. We think no such jurisdiction should be deemed to be reposed in the State Industrial Board in the absence of clear legislative authority therefor, and the appellate jurisdiction of this court in compensation cases is limited to a review of the determinations of the Board made within the limits of the Board's authority.

The award should be reversed and the claim dismissed as against the carrier.

VAN KIRK, P. J., DAVIS, WHITMYER and HASBROUCK, JJ., concur.

Award reversed and claim dismissed as against the insurance carrier, without costs.