GREAT AMERICAN INDEMNITY COMPANY, INC., Plaintiff, *v.* AUDLANE REALTY CORP., Defendant.

Municipal Court of New York, Borough of Manhattan, First District, May 14, 1937.

*Jesse S. Richman,* for the plaintiff.

*Kadel, Van Kirk & Trencher* [*Milton H. Frankfurt* of counsel], for the defendant.

ECKER, J. This is an action brought by the plaintiff herein to recover the sum of $308.81, with interest thereon, for premiums on two workmen's compensation policies issued by it to the defendant.

The defendant has interposed an answer, pleading plaintiff's alleged breaches and defendant's damage by way of defense, setoff and counterclaim, alleging, in substance, that it necessarily incurred expenses and disbursements for legal proceedings by reason of said alleged breaches by the plaintiff of its contract.

The defendant has stipulated as to the truth of the allegations of the complaint, and the only question to consider is whether the defendant is entitled to succeed on its counterclaim. The facts of the counterclaim are as follows: An employee of the Audlane

Realty Corp. was injured and presented his claim to the Industrial Board. The Great American Indemnity Company, having previously issued a workmen's compensation policy covering the employer, filed a notice of controversy. After the first hearing, the insurance company obtained an adjournment and notified the employer that it was going to contest coverage under its policy because the policy specifically excluded the work performed by the laborer. At all subsequent hearings the employer appeared, represented by counsel, but the insurance company was also represented by attorney at those hearings. The referee found against both the employer and the insurance company, and the carrier appealed. The appeal was first taken to the Industrial Board and then to the Appellate Division, Third Department, and the decision of the referee was affirmed on both appeals.

The employer in this action claims to be entitled to be compensated for legal expenses and disbursements it expended in defending before the Labor Department and the Appellate Division.

If the employer can recover for legal services, there must be some agreement in the policy upon which it bases its claim; otherwise, it will be bound by the rigid rule that a judgment in a cause of action is presumed to include the expenses of the litigation. (*Cooper* v. *Weissblatt*, 154 Misc. 522; *Avalon Constr. Corp.* v. *Kirsch Holding Co.*, 256 N. Y. 137; *Winthrop Chemical Co* v. *Blackman*, 159 Misc. 451; *Rollin* v. *Grand Store Fixture Co.*, 231 App. Div. 47.)

The insured relies on the following provision of the policy: " III. To defend, in the name and on behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."

Interpreting that clause, I find that the insurance company agrees to defend any actions brought by injured employees or those claiming to be injured employees. If there were any proof that the carrier refused to defend the claim of the claimant, and the legal expense of the employer was incurred thereby, the insured would be entitled to recover. (*Alliance Casualty Co.* v. *Miele*, 249 App. Div. 650; *Longwell Lumber & Bldg. Co.* v. *Maryland Casualty Co.*, 144 Misc. 595.) But the evidence indicated clearly that the attorneys for the insured did not contest the claimant's claim. The counsel for the defendant testified that his client conceded from the start that its injured employee was entitled to recover. It is apparent that the legal expenses of the defendant were incurred not for the purpose of defending the claimant's claim, but to enforce the insurance contract.

The situation appears complicated because under the procedure permitted before the Labor Board, the insurance company may defend a claim and in the same proceeding contest coverage of its policy. (*Matter of Jaabeck* v. *Crane's Sons Co.*, 238 N. Y. 314, 322.)

The plaintiff is, therefore, entitled to judgment for the amount demanded in the complaint, with interest, and the counterclaim is dismissed on the merits.