In the Matter of the Claim of NELLIE VAITULUS, Respondent, against GENERAL ELECTRIC COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Award of compensation to employee injured while wheeling a truck. The evidence shows that after long hospitalization the condition from which claimant suffered was a diaphragmatic hernia through the esophageal opening. The medical evidence sustains the finding that this condition was the direct result of the accident suffered by the claimant. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ.

In the Matter of the Claim of VERNON C. FORTNER, Respondent, against IRVING L. HEATH, Doing Business as IRVING L. HEATH, an Individual, Respondent, and STATE INSURANCE FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the State Insurance Fund from an award of compensation in favor of claimant. The only issue raised by the appellant relates to policy coverage. On March 30, 1946, claimant sustained accidental injuries while employed as a sawyer, which injuries were sustained while he was engaged in the regular course of his employment and arose out of his employment. The appellant issued a workmen's compensation insurance policy to the employer on December 20, 1941, which covered logging, lumbering and sawmill operations. This policy was cancelled on March 16, 1944, for the nonpayment of premiums. On June 20, 1944, a new policy was issued. By indorsement on this policy the logging and lumbering operations were included. On December 29, 1945, a renewal policy dated January 1, 1946, was issued, from which the logging and lumbering operations were excluded but without the consent or knowledge of the employer, although the employer continued in that business. On July 18, 1946, there was attached to the policy an indorsement including these operations retroactive to January 1, 1945. The board found that it was the intention and understanding of the insured that the policy was to include coverage for logging, lumbering and sawmill operations and that he never requested any cancellation of these conditions. The board reformed the policy to include these disputed classifications and held that claimant when injured on March 30, 1946, was covered by the policy of insurance as reformed. The evidence sustains the finding. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ. [See *post,* p. 1076.]