Deyo, J.
(dissenting). I find nothing in this case to distinguish it from Matter of Di Bari v. Reilly (299 N. Y. 220). True, there was some evidence that the employer’s insurance agent requested the carrier to issue a rider extending coverage to the premises at 98 Forsythe Street, but for all that appears in the record, the carrier never agreed to make such change, nor did it ever issue such rider. The policy provided that no conditions or provisions could be altered, except by indorsement signed by a duly authorized officer, and that notice to an agent was insufficient to effect a change. The terms of the policy as written control, and coverage is therefore limited to the specific location therein designated. (Matter of McMahon v. Gretzula, 227 App. Div. 256; Matter of Civitanova v. Palma, 262 App. Div. 981.)
Heffernan, Brewster and Santry, JJ., concur with Memorandum by the Court; Deyo, J., dissents in a memorandum in which Foster, P. J., concurs.
Award affirmed, with costs to the Workmen’s Compensation Board.