IRVING L. HEATH, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29492.)

Court of Claims, September 15, 1950.

*William E. Night* for claimant.

*Nathaniel L. Goldstein,* Attorney-General (*George R. Davis* of counsel), for defendant.

SYLVESTER, J. Heath, the claimant, sues upon a contract of workmen's compensation insurance, the pertinent provisions of which read:

" Two: The State Insurance Fund will defend in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent, and

" Three: Will pay all costs taxed against this employer in any legal proceedings defended by The State Insurance Fund, or undertaken by the assured employer as a result of such injuries to his employees, all interest accruing after entry of judgment and all expenses incurred by The State Insurance Fund for investigation, negotiation or defense."

Claimant's employee, Fortner, was injured on March 30, 1946, while working for claimant in a sawmill and thereafter commenced a proceeding before the Workmen's Compensation Board claiming compensation for his injury. In that proceeding the carrier, the State Insurance Fund, disclaimed liability and refused to defend the claim in compensation, contending that the policy of insurance did not cover the accident. In view of the carrier's position, claimant was obliged to retain counsel and now makes claim for the legal fees and expenses incurred by him by reason of the carrier's refusal to comply with the terms of paragraphs " Two " and " Three " of the policy above quoted. After taking claimant's testimony, the referee observed, " I don't find any controversy here, except on the question of coverage."

The issue of coverage before the referee turned on the question whether the claimant (employer) was covered for " logging

and lumbering and sawmill operations ", since it was in connection with these classifications of work that the employee was injured. It was shown that on December 20, 1941, the State Insurance Fund's policy included that category of operations and continued such coverage until March 16, 1944, when the policy was cancelled for nonpayment of premiums. On June 20, 1944, another policy was issued to claimant with appropriate indorsements covering " logging and lumbering and sawmill " operations. A renewal policy effective January 1, 1946, was issued by the carrier to the claimant, omitting, however, these material classifications. It was while this last policy was in force that the accident to the employee occurred. The workmen's compensation referee found that " it was the intention and understanding of this assured that his policy included coverage for logging, lumbering and sawmill operations and that he could not have been deprived of such coverage because the representatives of the State Insurance Fund and N. Y. S. (New York State) Rating Board respectively considered that it was unnecessary and I so Find." The policy was then declared by the referee to be reformed accordingly and he thereupon made an award in compensation to the employee. The Workmen's Compensation Board affirmed the referee in a memorandum which, among other things, stated: " The Referee further found that the accident sustained by claimant (employee) on March 30, 1946, was covered by the policy of insurance in effect on that date as reformed by his direction. * * * Having reviewed the record, we believe that the Referee's findings and action covering the policy coverage, are sustained by the evidence and the law, and we so hold." The board's decision was thereafter affirmed by the Appellate Division, Third Department (*Matter of Fortner* v. *Heath,* 274 App. Div. 958).

The State urges that its obligation extends merely to pay all legal expenses necessary to defend " any suits or other proceedings which may at any time be instituted against him (assured) on account of such injuries * * *." It makes the point that the carrier is liable for the expenses necessary to defend the assured when he is sued by a third party and not when the action is brought by the assured against the carrier. The argument, however, overlooks the fact that the proceeding before the referee was a claim for compensation by the employee directed against both the employer and the carrier and not an action by the assured against the carrier. That being so, the policy, by its express terms, obligated the carrier to defend the

claim. In that proceeding it was the carrier who tendered the issue of coverage, requiring it to be litigated. In that proceeding, there also remained the usual issues for disposition, such as the nature of the injury, the length of disability and the amount of compensation. The issue of coverage projected into the case by the carrier was determined adversely to it. The policy was reformed accordingly and the carrier was bound by the judicial determination that the disputed employment was within the terms of the policy. Thus, the policy must be read as including the omitted classifications of employment with the consequent obligation of the carrier to defend the compensation proceeding. Reformation expresses the bargain which the parties desired to put in writing. (5 Williston on Contracts [Rev. ed.], § 1549; *Lewitt & Co.* v. *Jewelers' Safety Fund Soc.,* 249 N. Y. 217, 221.) '' The accident being within the coverage defendant was obligated to defend and having refused to do so is liable to plaintiff for damages caused by its failure to defend.'' (*Grand Union Co.* v. *General Accident, Fire and Life Assur. Corp.,* 254 App. Div. 274, 281).

*Great Amer. Ind. Co.,* v. *Audlane Realty Corp.* (163 Misc. 301 [Mun. Ct. of N. Y. City]) cited by the State presented a somewhat similar situation. There, the carrier, having disclaimed liability, the court was of the opinion that since the claim for compensation was not contested by the insured, the legal expenses were incurred for the purpose of enforcing the insurance contract and not for the purpose of defending the claim. It accordingly found for the carrier. However, in that case there was no defense to the claim for compensation. The sole concession here was merely that Fortner (claimant in compensation) was an employee of the assured (Heath). Here, also, as already indicated, there were other issues for the referee's determination. In any event, if the *Audlane* case (*supra*) is to be regarded as having determined the precise question presented by the instant claim, the court is not persuaded to follow its authority.

There should be judgment for the claimant in the sum of $744.90, representing the reasonable value of counsel fees in the sum of $700 and disbursements amounting to the sum of $44.90.

Submit findings within fifteen days.