■ SAM SUKUP, Respondent, v. STATE OF NEW YORK, Appellant.  (Claim No. 37497.) — AULISI, J.  Appeal from a judgment of the Court of Claims which awarded claimant the sum of $850 and interest for counsel fees he was compelled

to pay in order to protect his interests in certain proceedings involving a workmen's compensation claim in which the State Insurance Fund denied coverage. On April 24, 1957, the State of New York through its State Insurance Fund issued to claimant, Mr. Sukup, a Workmen's Compensation and Employer's Liability Insurance Policy. Following the heading "Location of All Business Operations" on page four of the policy there is typewritten the notation "11 Pike Street, New York City and elsewhere in NYS." One of claimant's employees was burned to death on a farm owned by Mr. Sukup in Rock Rift, Delaware County, on January 25, 1958, and a claim for compensation was made. The State Insurance Fund denied coverage, notified Sukup that the policy did not cover his operations at Rock Rift and advised him to have his attorney present at the compensation hearings. Both the Referee and the Workmen's Compensation Board held that the decedent's claim was covered by said policy. There is no dispute as to the value of the services rendered to claimant by his attorney. Appellant, however, urges that there is no justification for a finding of bad faith on the part of the State Insurance Fund. We do not agree. We find nothing ambiguous about the phrase "elsewhere in NYS". In our view, the phrase "11 Pike Street, New York City and elsewhere in NYS" given in response to the question "Location of All Business Operations" covered by the policy clearly indicates that it was the intention of the parties to include not only 11 Pike Street, New York City but also other places in New York State. There is no justifiable reason as appellant contends to explore the distinction between the phrases "elsewhere in NYS" and "everywhere in NYS". The policy provided as pertinent to the present issue "Two: The State Insurance Fund Will Defend in the name of and on behalf of this employer, any suits ⁎ ⁎ ⁎ although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent." We believe that a special agreement to establish an insured's right to coverage for legal expenses under an insurance policy is not necessary where, as here, the claimant relies upon the underlying obligation of good faith which appellant breached. The authorities cited by appellant are distinguishable for the reason that the question of bad faith was absent. The circumstances in this case are peculiar and unusual and we do not go beyond them in making our decision. Judgement affirmed, with costs. Herlihy, J. P., Reynolds, Taylor and Hamm, JJ., concur. [43 Misc 2d 567.]