In the Matter of the Claim of LAWRENCE IMPERIOLE, Respondent, against. A. H. AND L. BUILDING CORP., Respondent, and STANDARD ACCIDENT INSURANCE COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award to claimant for injuries sustained while employed as a laborer and cleaner by the employer herein. While lifting a heavy beam claimant sustained a strain to his back causing the injuries in question, which are not disputed, the sole question being that of insurance coverage. In the classification of operations set forth in the "declarations" of the policy one item is as follows: "1. (a) Watchmen — In connection with new construction or erection — No payroll division with any construction or erection classification at a specific job or location 5610." The classification of laborer and cleaner is not specifically mentioned, but the insurance broker who procured the policy for the employer testified that the number 5610

mentioned in the classification of watchmen meant that in the Manual of Rates approved by the Insurance Department the classification No. 5610 covers watchmen, timekeepers and cleaners; that it means that watchmen, timekeepers and cleaners are covered in the policy; that when he ordered the policy he applied for coverage for watchmen, timekeepers and cleaners under classification 5610, and after the policy was written he looked it over and delivered it to the employer. A witness for the carrier testified that cleaners and laborers are not covered by the policy; that the number in question is a code number assigned in the Manual of Rates by the Compensation Insurance Rating Board, which is an organization under the supervision of the Insurance Department; that these code numbers have no connection with coverage, but simply denote those employments as to which the same rate of premium is charged. Item 4 of the declarations is to the effect that the enumerated description of employees includes all persons employed to whom remuneration is paid, and that the estimates of remuneration contained in the declarations " are offered for the purpose of computing the advance premium." Item 5 states: " This employer is conducting no other business operations at this or any other location not herein disclosed — *except as herein stated:* Only operations at above locations covered hereunder." The policy also contains an indorsement entitled: " ENDORSEMENT RESTRICTING COVERAGE TO SPECIFIED CLASSIFICATIONS," which includes the following: " 2. The operations of the assured at the locations covered by this policy and described in Item 3 of the declarations thereof are and will be confined to the operations described under such item." Such indorsement contains the further recital: " In the event that the company shall by law be required to make any payment under this policy on account of injuries to or death of any employee or employees of the assured or any contractor resulting from operations not described in the declarations of this policy nor specifically covered by endorsement thereon, the assured will immediately reimburse the company in full for any such payments." Paragraph 7 in the body of the policy sets forth: " VII. This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the workplaces defined and described in said Declarations or elsewhere in connection with, or in relation to, such workplaces." By subdivision 4 of section 54 of the Workmen's Compensation Law every such policy of insurance shall be deemed to include all employees of the employer at the locations set forth in the agreement, " unless any such employee or employees, or class of employees, shall by the terms of such contract or agreement be expressly excluded therefrom." The appellant asserts that the employment in question is by the terms of the policy expressly excluded therefrom. The respondents not only deny such exclusion, but assert that the proof establishes that the classification of " watchmen," in connection with the code number 5610, specified in the declaration, covers and includes laborers and cleaners; that, therefore, claimant's employment is expressly covered. The Board has found that the policy covered claimant and embraced within its scope his employment; that such policy did not expressly exclude the work claimant was performing at the time of the accident. The evidence sustains the findings of the Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.