In the Matter of the Claim of CHRISTOPHER E. PETTIT, Respondent, against ANNA H. REGES et al., Appellants.

**Workmen's compensation — insurance — policy insuring only against accident occurring within described premises or incidental to the operation thereof — interpretation of expression " operations not on the premises "— accident occurring in building not included in described premises not covered by insurance.**

1. Provisions of a policy of liability insurance clearly indicate an intent to insure only against accidents occurring within the boundaries of described premises and incidental to the operation thereof, where they specifically enumerate the location of all factories, yards, build-

ings, premises or other workplaces of an employer, by town or city with street and number, and further provide, " this employer is conducting no other business operations at this or any other locations not herein disclosed except as herein stated," and then state the operations covered by the policy to be " 1. All industrial operations upon the premises. 2. All office forces. 3. All repairs or alterations to premises. 4. Specially rated operations on the premises. 5. Operations not on the premises." It was not intended by such policy to furnish insurance for the general business of altering, removing or repairing buildings wherever they might be situated.

2. The expression " operations not on the premises " is to be interpreted in the light of the other provisions in the policy and is to be construed as meaning an operation which although not on the premises was still connected with the work there being performed.

3. An accident, therefore, occurring to an employee while engaged in excavating a cellar under a building not included in any of the premises described in the policy does not come within the coverage thereof and an award of the State Industrial Board will be reversed as to the insurance carrier.

*Pettit* v. *Reges*, 214 App. Div. 749, modified.

(Argued February 24, 1926; decided March 30, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered June 16, 1925, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law.

*Everett F. Warrington, Herbert F. Hastings, Jr.,* and *Robert H. Woody* for appellant. The award of compensation should not have been made against the Columbia Casualty Company as insurance carrier because the location where the accident occurred was not a location listed among the locations of premises of the employers enumerated in item 3 of the declarations upon which the insurance policy in question was issued. (*Neubeck* v. *Doscher*, 204 App. Div. 617; *Astrin* v. *East New York Woodwork Mfg. Co.*, 210 App. Div. 720.)

*Albert Ottinger, Attorney-General* (*E. C. Aiken* of counsel), for respondent. The insurance carrier in this case comes within the spirit of section 55 of the Workmen's Compensation Law. It has accepted a premium based entirely upon the man who was killed and yet it seeks to avoid its liability. (*Jaabeck* v. *Crane's Sons Co.,* 238 N. Y. 314.)

HISCOCK, Ch. J. This appeal presents the contention that the policy issued by the defendant, Columbia Casualty Company, did not cover the accident which has been made the basis of an award.

It appears that an employee while in the course of his employment was engaged in excavating a cellar under a building at 306 Grand avenue, Astoria, and there and then received injuries which caused his death. It is found that this employee was employed by the appellant Reges and another, who were "engaged in the business of maintenance and operation, alteration and repair of buildings with an office and place of business located at 505 First Avenue, New York City." The specific claim is that the policy furnished insurance only against accidents to employees while they were engaged at work upon and in connection with certain premises described in the policy and among which the property in question was not included. We think that this claim is sustained and that the policy did not cover the accident in question.

The policy after the usual and appropriate provisions for insurance against injuries to employees provides: " This agreement shall apply to such injuries so sustained by reason of the business operations described in said declaration which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto or connected therewith, whether such operations are conducted at the work places defined and described in said declarations or elsewhere in connection with or in relation to such work places." And again, " The

premium is based upon the entire remuneration earned during the policy period by all employees of this employer engaged in the business operations described in said declarations together with all operations necessary, incident or appurtenant thereto or connected therewith whether conducted at such work places or elsewhere in connection therewith or in relation thereto."

When in accordance with these provisions we turn to the provisions of the " declarations " which are made a part of the policy it seems to us that they clearly indicate that the policy was intended to furnish insurance for operations upon and in connection with certain enumerated premises and was not intended, as claimed by respondent, to furnish insurance for the general business of altering, removing or repairing buildings wherever they might be situated. In this declaration we find that after various other provisions there is one pertaining to the continuance of the policy and in which it is said that said continuance will exist " as to each of said dates [specified therein] at the place where any operation covered hereby is conducted." There is then the provision which reads as follows: " Locations of all factories, shops, yards, buildings, premises or other work places of this employer by town or city with street and number, 505 First Avenue, 504 Second Avenue, 273 Academy Street, 411–413 Webster Avenue and 275 Grand Avenue, Astoria, N. Y." And again: " This employer is conducting no other business operations at this or any other locations not herein disclosed except as herein stated. No exceptions."

The operations covered by said policy are then stated to be: " 1. All industrial operations upon the premises. 2. All office forces. 3. All repairs or alterations to premises. 4. Specially rated operations on the premises. 5. Operations not on the premises." The first four clauses clearly did not cover this accident. It is argued that the last provision " Operations not on the premises "

does cover it and insured against an accident which might happen on other premises than those enumerated as hereinbefore mentioned. We do not think, however, that this is its fair interpretation. The provisions which we have quoted indicate an intent to insure against accidents occurring within the boundaries of the different premises which were described and also against those which were incidental to the operation of those premises. It is said that the agreement " shall include all operations necessary, incident or appurtenant thereto or connected therewith whether such operations are conducted at the work places defined and described in said declarations or elsewhere in connection with or in relation to such work places." It was appreciated that a workman who was engaged in the operation of these specific pieces of real estate might have occasion in connection therewith to discharge some duty which was not upon the premises but which nevertheless would be connected with and related to his work there being performed and we think that the expression " Operations not on the premises " is to be interpreted in the light of all of these provisions and is to be construed as meaning an operation which although not on the premises was still connected with the work there being performed.

It is not claimed that the work which the employee was performing at the time he was injured had any such relation and, therefore, we think that the accident does not come within the coverage of the policy and that the award of the State Industrial Board and the order of the Appellate Division should be reversed and claim dismissed as to appellant the Columbia Casualty Company, with costs against State Industrial Board in this court and in the Appellate Division.

CARDOZO, MCLAUGHLIN and LEHMAN, JJ., concur; POUND, CRANE and ANDREWS, JJ., dissent.

Ordered accordingly.