In the Matter of the Claim of ARVILLE A. DAVIS, Respondent, against BLOCK & SMITH, INC., Respondent, and METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Submitted April 15, 1947; decided July 2, 1947.

*Jeremiah F. Connor* for appellant. The insurance contract is limited to certain locations and does not include premises owned by the corporate employer's president at his place of residence. (*Matter of Nieder* v. *Garrett Busch & Son, Inc.*, 262 N. Y. 656; *Matter of Pettit* v. *Reges*, 242 N. Y. 272; *Neubeck* v. *Doscher*, 204 App. Div. 617; *Astrin* v. *East New York Woodwork Mfg. Co.*, 210 App. Div. 720; *Levine* v. *East New York Electric Corp.*, 210 App. Div. 730; *Matter of Simpkins* v. *Steffen*, 255 N. Y. 65; *Matter of Lent* v. *850 Seventh Ave. Corp.*, 259 N. Y. 616; *Matter of Wedemeier* v. *Mavis Bottling Co.*, 261 N. Y. 548.)

*Harry B. Sale* for employer, respondent. The employee designated the corporation as his employer and continued doing the same type of work at both locations. (*Matter of Struppek* v. *Lundgren, Inc.*, 246 App. Div. 873; *Matter of Van Houte* v. *Marion Lumber Co.*, 248 App. Div. 932; *Matter of Sponheimer* v. *Kelly*, 259 App. Div. 767; *Matter of Collier* v. *Dangard*, 256 N. Y. 561; *Matter of Jaabeck* v. *Crane's Sons Co.*, 238 N. Y. 314; *Matter of Lind* v. *Roberts*, 261 N. Y. 626; *Matter of Gaffney* v. *Kerslake*, 268 App. Div. 841; *MacDonald* v. *Grand Battery & Ignition Service*, 229 App. Div. 817; *Aross* v. *Sardo*, 233 App. Div. 200.)

Conway, J. The question presented for our determination on this appeal by the insurance carrier only, the employer having failed to appeal, is whether the policy which is a standard New York workmen's compensation policy covered the work at the location where claimant's injury occurred.

The claimant was employed by Block & Smith, Inc., as a handy man doing painting, repairing and plumbing work. The insurance policy provided for the character of the work to be done and the locations at which that work was to be performed. At the time of his injury the claimant was not at any of the locations specified although he was engaged in work similar in character to that which he was hired to do. It was painting, general repairing and cleaning over a four-week period at the home of the president of the employing corporation at 35-25 233d St., Bayside, L. I. The Workmen's Compensation Board has found that at the time of the accident claimant was " doing work incidental to the employer's business    *    *    *,    and was an employee of Block & Smith Inc., within the meaning of the Workmen's Compensation Law." There was evidence to support that finding since the employer filed reports of injury which asserted that fact and did not appeal from the decision of the board.

The policy provided in paragraph 6: " This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with, or in relation to, such work places."

Condition " A " of the policy provided: " The premium is based upon the entire remuneration earned, during the Policy Period, by all employees of this Employer engaged in the business operations described in said Declarations together with all operations necessary, incident or appurtenant thereto, or connected therewith whether conducted at such workplaces or elsewhere in connection therewith or in relation thereto    *    *    *."

The declarations of the policy contained the following items:

" Item 3. Locations of all factories, shops, yards, buildings, premises or other workplaces of this Employer, by Town or City, with Street and Number 94-20 to 94-24 Northern Blvd. B/A 3301 to 3315 Junction Blvd. Corona L. I.

" All business operations, including the operative management and superintendence thereof, conducted at or from the locations

and premises defined above as declared in each instance by a disclosure of estimated remuneration of employees under such of the following Divisions as are undertaken by this Employer. 1. All industrial operations upon the premises. 2 All office forces. 3 All repairs or alterations to premises. 4 Specially rated operations on the premises. 5 Operations not on the premises. * * *

" Item 5. This Employer is conducting no other business operations at this or any other location not herein disclosed — *except as herein stated:* no exceptions " (italicized in policy).

The classification of operations was stated in the policy in part as: " Buildings — (N. O. C.) — operation by owner or lessee — including care, custody and maintenance of premises * * *."

It is urged upon us that we should depart from ordinary rules of legal construction which necessitate the giving of a meaning to each word and clause in a contract and that we should disregard the designation of the two locations specified as those at which the work was to be done if the insurance contract was to be in force. It may be that the insurance company would have added to the contract the corporation president's home address as one of the locations at which work might be performed, or, indeed, would have written in generally the words " various locations ", if so requested, without change of premium. We cannot, however, employ a special or unique rule of construction for insurance contracts. The employer here knew the classification of operations and the locations which it was seeking to cover by compensation insurance. The board has found that the claimant at the time of injury was the employee of the employer-corporation. He should, therefore, have been properly covered by workmen's compensation insurance. Since he was not it is unfortunate that the employer may be guilty of a misdemeanor (Workmen's Compensation Law, § 52) and, had claimant not elected to claim compensation, might have been well-nigh defenseless in an action by the claimant by reason of section 11 of the Workmen's Compensation Law, since the claimant stepped into a hole in or near the porch of the home where he was working while carrying an extension ladder, but that was the fault of the employer, and he is not in a position to complain.

We have held in two prior cases, *Matter of Pettit* v. *Reges* (242 N. Y. 272) and *Matter of Lent* v. *850 Seventh Ave. Corp.* (259 N. Y. 616) that, under similar circumstances, there was no insurance coverage. In the first of those cases the employer was " ' engaged in the business of maintenance and operation, alteration and repair of buildings with an office and place of business located at 505 First Avenue, New York City.' " (P. 274.) The classification of operations was stated in the policy as " Buildings — All employees engaged in care, custody and maintenance of premises * * * ". The declarations listed five specific addresses in Astoria, N. Y. the last of which was 275 Grand Avenue. Claimant was injured while " excavating a cellar under a building at 306 Grand Avenue, Astoria " which was not listed in the policy. We said (HISCOCK, Ch. J.), p. 274: " The specific claim is that the policy furnished insurance only against accidents to employees while they were engaged at work upon and in connection with certain premises described in the policy and among which the property in question was not included. We think that this claim is sustained and that the policy did not cover the accident in question." After referring to those provisions of the policy which are the same as in paragraph 6 and condition " A " of the instant policy, quoted, (*supra*), we said (p. 275):

" When in accordance with these provisions we turn to the provisions of the ' declarations ' which are made a part of the policy it seems to us that they clearly indicate that the policy was intended to furnish insurance for operations upon and in connection with certain enumerated premises and was not intended, as claimed by respondent, to furnish insurance for the general business of altering, removing or repairing buildings wherever they might be situated. * * * There is then the provision which reads as follows: ' Locations of all factories, shops, yards, buildings, premises or other work places of this employer by town or city with street and number, 505 First Avenue, 504 Second Avenue, 273 Academy Street, 411-413 Webster Avenue and 275 Grand Avenue, Astoria, N. Y.' And again: ' This employer is conducting no other business operations at this or any other locations not herein disclosed except as herein stated. No exceptions.'

" The operations covered by said policy are then stated to be: ' 1. All industrial operations upon the premises. 2. All office forces. 3. All repairs or alterations to premises. 4. Specially rated operations on the premises. 5. Operations not on the premises.' The first four clauses clearly did not cover this accident. It is argued that the last provision ' Operations not on the premises ' does cover it and insured against an accident which might happen on other premises than those enumerated as hereinbefore mentioned. We do not think, however, that this is its fair interpretation. The provisions which we have quoted indicate an intent to insure against accidents occurring within the boundaries of the different premises which were described and also against those which were incidental to the operation of those premises. It is said that the agreement ' shall include all operations necessary, incident or appurtenant thereto or connected therewith whether such operations are conducted at the work places defined and described in said declarations or elsewhere in connection with or in relation to such work places.' It was appreciated that a workman who was engaged in the operation of these specific pieces of real estate might have occasion in connection therewith to discharge some duty which was not upon the premises but which nevertheless would be connected with and related to his work there being performed and we think that the expression 'Operations not on the premises' is to be interpreted in the light of all of these provisions and is to be construed as meaning an operation which although not on the premises was still connected with the work there being performed.

" It is not claimed that the work which the employee was performing at the time he was injured had any such relation and, therefore, we think that the accident does not come within the coverage of the policy and that the award of the State Industrial Board and the order of the Appellate Division should be reversed and claim dismissed as to appellant the Columbia Casualty Company, with costs against State Industrial Board in this court and in the Appellate Division." Likewise here there is no evidence or claim that the work which claimant was performing at the Bayside home of the corporate president at the time of his injury had any relation to or connection

with the operation of the buildings in Corona described in the policy.

In the *Lent* case (*supra*), claimant was employed as a porter by the 850 Seventh Avenue Corporation which owned and operated an apartment house designated as 848–852 Seventh Avenue. The classification of operations covered by the policy was " Buildings — operation (owner or lessee) all employees engaged in care, custody and maintenance of premises * * * ". Claimant was injured while · crossing over a wall in order to remove rubbish from the adjoining premises known as 854 Seventh Avenue. The policy covered the premises at 848–852 Seventh Avenue but did not include 854 Seventh Avenue which were not maintained by the employer ·corporation. The only connection between the two premises was that the treasurer of the corporation operating 854 Seventh Avenue was the same person who was the treasurer of the employer, 850 Seventh Avenue Corporation. We affirmed a decision holding that the policy did not cover the premises where the accident occurred, rescinding all previous awards made against the indemnity company and directing the appellant-employer, as a non-insurer, to pay claimant compensation for the injury. (See, also, *Matter of Nieder* v. *Garrett Busch & Son, Inc.*, 262 N. Y. 656.)

Further, the classification of operations covered by the policy here — " Buildings * * * — operation by owner or lessee — including care, custody and maintenance of premises * * * " — clearly indicates an intention to cover the operations of the owner or lessee with reference to the specified and described premises and not the operations of a general contractor or building maintenance corporation with reference to buildings owned or leased by others and located elsewhere. Here the building on which claimant was working at the time of the accident was not listed in the policy and was neither owned nor leased by the employer-corporation.

The case of *Matter of Jaabeck* v. *Crane's Sons Co.* (238 N. Y. 314) relied upon by appellant and the Workmen's Compensation Board is not in point. We pointed out in that case that the policy provided that it covered the operations of the employer at the Erie Basin, Brooklyn, N. Y. " and elsewhere in New York

State ". (P. 320.) *Matter of MacDonald* v. *Grand Battery & Ignition Service* (254 N. Y. 605), *Matter of Collier* v. *Dangard* (256 N. Y. 561) and *Matter of Lind* v. *Roberts* (261 N. Y. 626) did not involve the care, custody and maintenance of specified premises and the claimant in each of those cases was found at the time of the injury to have been engaged in doing work which, while being performed away from the particular location from which the business was conducted, was incidental to the general business operations of the employer which were fully covered and described in the declarations forming a part of the policy. Here although the work claimant was doing at the time of the accident may have been incidental to the general business of the employer-corporation — as found by the board — it was not incidental to the business operations of the employer-corporation described in the declarations of the policy. (See par. 6 of policy, *supra.*) Those declarations restricted coverage to the business operations of the employer-corporation and work incidental thereto at certain specified buildings owned or leased by it. They did not extend to or include operations upon which the employer-corporation might become engaged by maintaining buildings owned or leased by others and located elsewhere.

The order of the Appellate Division should be reversed and the claim dismissed as to appellant, Metropolitan Casualty Insurance Company of New York, with costs against the Workmen's Compensation Board.

LOUGHRAN, Ch. J., LEWIS, THACHER, DESMOND, DYE and FULD, JJ., concur.

Order reversed, etc.