In the Matter of the Claim of JOSHUA SHEDDEN, Respondent, against HOWARD R. WARE CORP., Employer, Respondent, and ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, LTD., Appellant.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 9, 1949.

*Shumate, Barrett & Malloy,* attorneys (*Edward J. Haniver* and *William L. Shumate* of counsel), for appellant.

*Port, Samet & Goldberg,* attorneys (*Arthur H. Goldberg* of counsel), for Howard R. Ware Corp., respondent.

FOSTER, P. J. The issue presented on this appeal by an insurance carrier from an award of compensation is whether the accident suffered by claimant was within the coverage of the insurance policy issued by appellant.

The corporate employer operates a department store. Claimant was employed there as an electrician. He was directed to install an electric outlet at the home of the executive vice-president of the corporation. He was injured in the store premises while using a power saw to shape a block of wood for use in that outlet. The insurance carrier disclaims liability on the ground that the accident suffered by claimant did not arise out of work incidental to the general business of the corporate employer, which was the operation of a department store.

The policy in question was a standard workmen's compensation insurance policy. It provided that it should apply to injuries sustained by reason of the business operations of the employer described in its declarations, and that it should include " all operations necessary, incidental or appurtenant thereto, or connected therewith * * *."

There can be no blinking the fact that claimant was not working at the time of his injury on any operation connected with or incidental to the business or maintenance of the employer's department store. The evidence clearly shows that the business of the employer did not include the installation of electrical equipment for any of its customers. But nevertheless claimant was injured on the employer's premises, where he was subject to instant call for any duty connected with his usual work, and when he was on the payroll of the company.

These facts I think distinguish this case from cases where coverage has been denied, chiefly upon the ground of location (*Matter of Davis* v. *Block & Smith, Inc.*, 297 N. Y. 20; *Matter of Pettit* v. *Reges*, 242 N. Y. 272; *Matter of Nieder* v. *Busch & Son, Inc.*, 262 N. Y. 656; *Matter of Lent* v. *850 Seventh Avenue Corp.*, 259 N. Y. 616).

In each of the cases cited the accidental injuries were not suffered on the premises covered by the policy, and the employee was not subject to instant call for duty on the premises covered. Here the claimant was on the employer's premises and subject to call at any moment, and even though at the time of injury he was working on an outside matter he was still within the ambit of his general employment and subject to the hazards of his place of work. A temporary diversion on the premises itself did not take him out of his general employment. Had he been loafing or shaping a bit of wood for his own use the same conclusion would follow. To deny coverage under any of these circumstances would draw so fine a distinction as to render worthless to most employers a compensation insurance policy in the present standard form.

Such a narrow distinction has not been favored (*Matter of MacDonald* v. *Grand Battery & Ignition Service*, 254 N. Y. 605). In the case cited claimant was employed as an electrician. He had been required to do some work at the home of the owner of the company, and while there was directed to crank an automobile. While doing so he was injured. Cranking an automobile is not usually considered incidental to the work of an electrician, nevertheless the carrier was held because the location was not excluded, and of more importance, so far as the instant case is concerned, the employee, despite any diversion, was still within the general course of his employment.

The award should be affirmed, with costs to the employer respondent.

BREWSTER, DEYO, SANTRY and BERGAN, JJ., concur.

Award affirmed, with costs to the employer respondent.