In the Matter of the Claim of Michael Di Bari, Respondent, against James J. Reilly, Doing Business as Reilly's Bar & Grill, Respondent, and National Casualty Company, Appellant. Workmen's Compensation Board, Respondent.

Submitted April 5, 1949; decided May 26, 1949.

*W. Gerard Ryan* for appellant. The Appellate Division erred in affirming the board's decision, since the insurance policy is limited to one specified location and does not include the premises where claimant was injured. (*Matter of Pettit* v. *Reges,* 242 N. Y. 272; *Matter of Lent* v. *850 Seventh Ave. Corp.,* 259 N. Y. 616; *Matter of Simpkins* v. *Steffen,* 255 N. Y. 65; *Matter of Wedemeier* v. *Mavis Bottling Co. of N. Y.,* 261 N. Y. 548.)

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Wendell P. Brown* of counsel), for Workmen's Compensation Board, respondent. The policy issued by appellant covered the claimant and his injuries. The provisions of subdivision 4 of section 54 of the Workmen's Compensation Law have application. (*Matter of Simpkins* v. *Steffen,* 255 N. Y. 65; *Matter of Lamb* v. *Slote,* 268 App. Div. 946; *Matter of Schultz* v. *Allanson,* 258 App. Div. 1010, 284 N. Y. 611; *Matter of Gaffney* v. *Kerslake,* 268 App. Div. 841; *Matter of Keller* v. *Sherwood,* 259 N. Y. 640; *Matter of Jaabeck* v. *Crane's Sons Co.,* 238 N. Y. 314; *Matter of Collier* v. *Dangard,* 256 N. Y. 561; *Matter of Lind* v. *Roberts,* 261 N. Y. 626; *Matter of MacDonald* v. *Grand Battery & Ignition Service,* 254 N. Y. 605; *Matter of Caputa* v. *Voges Mfg. Co.,* 257 App. Div. 871; *Matter of Nelson* v. *Meseck Towing Lines,* 265 App. Div. 899.)

LEWIS, J. Upon this appeal the single question for our decision is whether the coverage of a workmen's compensation insurance policy issued by the appellant insurance carrier extends to work being done by the claimant respondent at the location where his injuries occurred.

For a period of thirteen years prior to the date of the accident which befell the claimant, the respondent Reilly — to whom reference will be made as the employer — had operated a bar and grill in a building which he leased at 1103 Manhattan Avenue in Brooklyn. When the lease expired in March, 1945, he continued

in possession of those premises as a month-to-month tenant until December, 1946, when the building was sold and the new owner demanded possession. Thereupon the employer arranged to take possession of space in a building across the street at 1102 Manhattan Avenue under a lease which required him to make such renovations and do such interior decorating as might be necessary to accommodate the business of his bar and grill.

The claimant was engaged by the employer to do whatever plastering was required at 1102 Manhattan Avenue. On December 30, 1946, while working in the building at that location the claimant fell from a ladder and sustained injuries for which he has been awarded compensation by the Workmen's Compensation Board. That award was unanimously affirmed by an order of the Appellate Division which we now review upon appeal by the insurance carrier taken with our permission. No appeal was taken by the employer.

The evidence is not disputed that prior to his being hired to do plastering work at 1102 Manhattan Avenue the claimant had never before done work for the employer. It also appears that at the time of the accident the employer had not yet moved his bar and grill across the street from 1103 to 1102 Manhattan Avenue but was still conducting that business as usual at the former address.

Upon the question whether the standard policy of workmen's compensation insurance issued to the employer by the appellant covered work being done at 1102 Manhattan Avenue where claimant's injuries occurred, the Workmen's Compensation Board found: '' 6. At the time of the accident of December 30, 1946, the employer was not conducting a business at 1102 Manhattan Avenue, Brooklyn, N. Y. However, whatever work was performed at this latter address, including the work performed by the claimant therein, was done in and in connection with and incidental to the bar and grill business carried on by the employer at 1103 Manhattan Avenue, Brooklyn, N. Y. Therefore, the workmen's compensation insurance policy hereinafter referred to, covered the risk in this case and the insurance carrier under said policy was liable to the claimant for compensation.''

We think the policy coverage set forth in the finding quoted above transcends limits defined by subdivision 4 of section 54 of the Workmen's Compensation Law and by the policy in suit. Subdivision 4 of section 54 (*id.*) provides in part: " 4. *Limitation of indemnity agreements.* * * * Every such contract or agreement of insurance issued by an insurance carrier covering the liability of an employer for the payment of the compensation and for the payment into the special funds provided by this chapter shall be deemed to include all employees of the employer employed at or in connection with the business of the employer carried on, maintained, or operated *at the location or locations set forth in such contract or agreement* and employees for whose injuries a contractor may become liable under the provisions of section fifty-six of this chapter." (Emphasis supplied.)

The standard policy issued by the appellant insurance carrier included the following provision: " Six. This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with, or in relation to, such work places."

The policy was subject to express " Conditions " one of which was in part as follows: " A. The premium is based upon the entire remuneration earned, during the Policy Period, by all employees of this Employer engaged in the business operations described in said Declarations together with all operations necessary, incident or appurtenant thereto, or connected therewith whether conducted at such work places or elsewhere in connection therewith or in relation thereto ".

It also appears from " Conditions " written into the insurance contract that the policy was issued by the carrier upon statements, designated as " Declarations " which form a part of the policy, and in consideration of statements made in those declarations respecting the policy's premium and the payment thereof. Among those declarations are the following:

" Item 1. Name of this Employer — JAMES J. REILLY D/B/AS REILLY'S BAR & GRILL

P. O. Address — 1103 MANHATTAN AVENUE, BROOKLYN, NEW YORK

\* \* \*

Item 3. Locations of all factories, shops, yards, buildings, premises or other workplaces of this Employer, by Town or City, with Street and Number —

1103 MANHATTAN AVENUE, BROOKLYN, N. Y. All business operations, including the operative management and superintendence thereof, conducted at or from the location and premises defined above as declared in each instance by a disclosure of estimated remuneration of employees under such of the following Divisions as are undertaken by this Employer. 1. All industrial operations upon the premises. 2. All office forces. 3. All repairs or alterations to premises. 4. Specially rated operations on the premises. 5. Operations not on the premises.

Classification of Operations

1(a) RESTAURANT INCLUDING CLERICAL OFFICE EMPLOYEES — (MUSICIANS, ENTERTAINERS OR PLAYERS TO BE SEPARATELY RATED) . . #9079 \* \* \*

Item 4. The foregoing enumeration and description of employees include all persons employed in the service of this Employer in connection with the business operations above described to whom remuneration of any nature in consideration of service is paid, allowed or due together with an estimate for the Policy Period of all such remuneration. \* \* \* The foregoing estimates of remuneration are offered for the purpose of computing the advance premium. \* \* \*

Item 5. This Employer is conducting no other business operations at this or any other location not herein disclosed — *except as herein stated*: NO EXCEPTIONS ".

In the circumstances disclosed by this record we cannot agree with the argument advanced in support of the award — that at

the time and place of the accident the claimant was performing labor in connection with the business of the employer carried on, maintained, or operated at the location set forth in the policy contract within the meaning of subdivision 4 of section 54 of the Workmen's Compensation Law; nor can we agree that claimant should be deemed by operation of law to be included within the coverage of the policy contract.

The employer had knowledge not only of the "Classification of Operations" and their "Location", as set forth in the "Declarations" which form a part of the insurance policy, but he also learned from the policy that the items of information disclosed by those "Declarations" were controlling factors in the computation of the premium paid for the coverage. He knew, too, that by accepting the policy he was assured of contractual indemnity by the appellant insurance carrier based upon the statement in the policy's "Declarations" as to the location of the single "workplace" covered by the insurance and the "Classification of Operations" which did not specify the operation of plastering subsequently done by the claimant at 1102 Manhattan Avenue. That the employer had a clear understanding of the limited coverage of the policy is indicated by his testimony: "My men were working in 1103 — the men I have — the bartenders, etc. How could I have them insured at 1102 until I moved over there?"

Upon this phase of the case there also came into the record, without objection, the following significant testimony by the claimant given on direct examination: "Q. What happened before you were taken to the hospital? A. Well, this Enoch — Mr. Enoch — he seen I got hurt — he picked me up. He says, 'I am going to tell Reilly that you got hurt,' so I says, 'All right.' He went to Reilly — he went to Mr. Reilly — Mr. Reilly told him — he says, 'Take him up in the room.' He says, 'Don't call the ambulance because I haven't got any insurance.'"

We read the policy as a contract which limited the insurance coverage to those employed at or in connection with the business of the employer carried on at the location set forth in the policy including all operations necessary or incident thereto, whether conducted at the workplace described in the declarations or elsewhere in connection with such workplace. We have seen

that there is specified in the policy declaration only one location — " 1103 Manhattan Avenue, Brooklyn, New York ". In that connection it also appears that although Item 3 of the declarations refers to " Operations not on the premises " and — for the purpose of computing premium — requires the employer to give an estimate of annual remuneration paid to employees engaged in such operations, the employer declared the remuneration for outside operations to be "None ". Furthermore, there appears under the subsequent Item 5 the statement " This Employer is conducting no other business operations at this or any other location not herein disclosed ".

What was said in *Matter of Pettit* v. *Reges* (242 N. Y. 272, 275, 276) — where the problem involved the coverage of similar provisions of a workmen's compensation insurance policy — applies here with equal force: " When in accordance with these provisions we turn to the provisions of the ' declarations ' which are made a part of the policy it seems to us that they clearly indicate that the policy was intended to furnish insurance for operations upon and in connection with certain enumerated premises and was not intended, as claimed by respondent, to furnish insurance for the general business of altering, removing or repairing buildings wherever they might be situated.  *  *  * It was appreciated that a workman who was engaged in the operation of these specific pieces of real estate might have occasion in connection therewith to discharge some duty which was not upon the premises but which nevertheless would be connected with and related to his work there being performed and we think that the expression ' Operations not on the premises ' is to be interpreted in the light of all of these provisions and is to be construed as meaning an operation which although not on the premises was still connected with the work there being performed." (See, also, *Matter of Davis* v. *Block & Smith,* 297 N. Y. 20; *Matter of Lent* v. *850 Seventh Ave. Corp.,* 259 N. Y. 616.)

We do not regard *Matter of Schultz* v. *Allanson* (258 App. Div. 1010, affd. 284 N. Y. 611) as a case in point which favors respondent's position upon the present appeal. In that case not only was the claimant performing work in a building which at the time of his injuries was owned by his employers and used by them for storage of caskets in connection with their business as undertakers, but the statement in the insurance policy — under

"Declarations * * * Item 3. Locations of all * * * buildings * * * or other work-places of this Employer " — was "Canal St., Phoenix, New York, *and elsewhere in State of New York.*" (Emphasis supplied.)

Upon the record before us we cannot say that the work the claimant was doing at 1102 Manhattan Avenue when he was injured was connected with or incidental to the maintenance and operation of the bar and grill which the employer carried on, as a business, at the location — 1103 Manhattan Avenue — specified in the declarations of the policy.

The order of the Appellate Division should be reversed and the claim dismissed as to the appellant, National Casualty Company, with costs in this court and in the Appellate Division against the Workmen's Compensation Board.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE, FULD and BROMLEY, JJ., concur.

Order reversed, etc.