Memorandum; by the Court. Appeal by employer and carrier from a decision . and award of Workmen’s Compensation Board. Claimant is a steeplechase jockey. The employer is a trainer of racing horses. The board has found that an agreement of employment was made in New York by which claimant was to work for the employer through the racing season of 1945. The work was to be done at race tracks in New York and other States. Part of the work in other States was training for later races at New York race tracks. Claimant was injured at a race track in Maryland. The nature of this migratory sort of employment is such that having commenced in New York, and being intended in sequence to return there, and part of the work elsewhere being preparation for New York racing, the record justified a decision that the accident arose from a New York employment and that the New York Workmen’s Compensation Board had jurisdiction.
*1034 The policy o£ insurance was much more limited than the scope of the employment, even though it be deemed a New York employment. The declaration attached to the policy and which became part of it states that the coverage “ is limited to the business operations and locations only as set forth ”, enumerating specific race tracks “ in New York State.” The declaration also stated that the assured was conducting no other business operation “ at this or any other location ” without exception, and there was an indorsement providing that coverage is “ limited and confined to persons employed on operations emanating from ” the enumerated New York tracks “ on operations carried on in the State of New York.” These limitations of coverage cannot be fairly distinguished from those considered in Matter of Davis v. Block & Smith, Inc. (297 N. Y. 20). Decisions in the same direction dealing with similar limitations of coverage are Matter of Di Bari v. Reilly (299 N. Y. 220); Matter of Civitanova v. Palma (288 N. Y. 522); Matter of McGuckin v. Estate of Baker, Inc. (262 N. Y. 545), and Matter of Pettit v. Reges (242 N. Y. 272).
Decision and award modified, on the law, by reversing so much thereof as charges the award against the insurance carrier appellant, and otherwise. the decision and award are affirmed, without costs.