Brewster, J.
An employer’s insurance carrier appeals from a decision of the Workmen’s Compensation Board affirming a referee’s decision and award to claimant of compensation for disability, made payable to the employer in reimbursement.
The question presented is whether the policy for workmen’s compensation insurance issued by appellant to claimant’s employer, a lawyer, covered her employment at the time and place of her injury. She was a stenographer in the sole employ of the insured and in the course of her work fell and broke her arm while at work in a room in the offices of the Public Administrator of Bronx County in the Bronx County Court House. Her employer, .whose law office was located elsewhere, was attorney for the Public Administrator and the arrangement of his law practice was such that claimant performed all her services for him in the offices of his client. The evidence is that her presence there was solely occasioned by her stenographic service to her employer in connection with the latter’s legal services to that particular client, and that her services were directed and controlled from his law office at 349 Bast 149th Street.
*664 The contract of insurance was in the standard form. In its declaration of workplaces only the location of the law office was stated, and as to that, under heading, £ £ Locations Covered ’ ’, the policy stated its application ££ * * * to such injuries so sustained by reason of the business operations ” thereat, and also to ££ * * * all operations necessary, incident or appurtenant thereto, or connected therewith, whether * * * conducted at the workplaces defined and described # * * or elsewhere in connection with, or in relation to, such workplaces.” A further provision under heading, ££ Employees Covered ”, provided that:££ THIS AGREEMENT SHALL APPLY to such injuries sustained by any person * * * employed by this Employer whose remuneration shall be included in the total actual remuneration for which provision is hereafter made, upon which * * * the premium for this Policy is to be computed and adjusted * * *.” Following this was a provision, stated as condition to which the policy was made subject, by which its premium was, in effect, based upon the entire earnings of all employees of the insured engaged (1) in business operations at the named law office, and (2) in all operations incident or appurtenant thereto or connected therewith conducted elsewhere in connection with or in relation to said law office. The evidence is that claimant’s earnings were included in the computation of the premium which her employer paid to the appellant.
In my opinion there are two grounds upon which we may hold that claimant’s injuries were Within the coverage of the policy, viz.: first, that when injured it may rightly be said that she was engaged in a £< business operation ” of her employer which pertained to his law practice and which, while performed away from the rooms of the law office, nevertheless took place in connection with or in relation to the business operations of those headquarters; second, that by the inclusion of claimant’s earnings in the computation of the premium paid by the employer and accepted by appellant, the parties to the agreement by their conduct have, under its express wording, determined such coverage.
The business operations conducted at a law office and elsewhere in relation thereto may fairly be said to embrace many activities. Countless, of such may occur away from the place where the lawyer maintains his office rooms. The business operations of a law office, generally speaking, consist of law practice. The law office location is but the headquarters wherein legal service is performed and from which it emanates to be *665 elsewhere rendered. The legal service which the insured rendered his client, the Public Administrator, entailed, as an incident, his employment of the claimant. It is evident that as a matter of convenience and efficiency he so arranged matters as to have her stenographic assistance in that part of his law practice performed at the client’s office instead of in his own. But as she worked there, solely under his directions, she was employed in and about a portion of his law practice which, so far as the record shows it to have had any definite location, was that named in the policy. Hence it may be said that her injury arose in an employment by the insured which was connected with a business operation conducted at the workplace named in the policy. The situation here is distinguishable from that presented in Matter of Di Bari v. Reilly (299 N. Y. 220). In that case the work of the plasterer in fitting up a new location to which the employer was preparing to move his restaurant and grill business was held to have had no relation to or connection with its operations at the location named in the policy. Likewise is the instant case different from Matter of Davis v. Block & Smith, Inc. (297 N. Y. 20) where a workman for a corporate "employer was injured while rendering services at the home of the employer’s president and which bore no relation to the business operations of the employer. So, too, in Matter of Lent v. 850 Seventh Ave. Corp. (259 N. Y. 616) where claimant, employed as a porter by the owner of an apartment house, was injured while away from the duties of that employment and upon adjoining premises, it was held that the work producing injury bore no relation to the business operations covered by the insured. In the instant case as to all supervision, control and pay, as well as the nature of the work performed, claimant’s employment was connected with and related to naught else than her employer’s law practice which had its operational location as stated in the policy’s declaration.
As noted above it was stipulated as a condition of the agreement that the cost of the policy be based on the earnings of all employees of the insured engaged in the business operations of his law office, both thereat and elsewhere in connection therewith or in relation thereto. Thus the agreement called for the inclusion of claimant’s wages in the make-up of the price paid for the insurance. This manifests a relationship between payroll and coverage. When the policy was written the former was estimated therein with reference to the operations covered, and the latter was stated as “ Clerical Office Employees ”. The relationship is again referred to on the last page of the policy *666 which amplified the prior declaration respecting the location of the workplace so as to include all such employees engaged in “ All business operations * * * conducted at or from ” the stated location. Under the aforesaid provisions of the policy the payment and acceptance of the premium as based on claimant’s wages, which the evidence shows to have been done with mutual awareness, any doubt over the questioned coverage seems resolved by the conduct of the parties to the contract.
The decision and award should be affirmed.
Poster, P. J., Heffereae, Bergae and Cooe, JJ., concur.
Decision and award affirmed, with costs to the Workmen’s Compensation Board.