Bergan, J.
The claimant John Blenner was injured while engaged in work as a carpenter at 200 Banker Street, Brooklyn, on March 15, 1943. At the time of his injury claimant was the title owner of 200 Banker Street. The Workmen’s Compensation Board has found that claimant was then an employee of Joseph Landis, Inc., and that the injury was sustained in the course of employment and was within the coverage of an. insurance policy issued by the State Insurance Fund which is the sole appellant.
The Landis Corporation was engaged in the welding business at 37 North 15th Street, Brooklyn. It had no title, to 200 Banker Street, but Anna Landis, the wife of Joseph Landis, *491 president of the corporation, had before the accident made a contract with the claimant to buy the property and subsequently did buy it. An insurance indorsement in the record shows that on January 27, 1943, Anna Landis was secretary and treasurer of the corporation and was then an executive officer of the corporation.
Whatever infirmities may once have existed in the record on the question of claimant’s injury in the course of employment for the corporation, the record in its final development and as it left the hands of the board must be viewed as fully supporting the findings in this respect. The manner in which these findings are supported has a significant bearing on the question of insurance coverage for the injury.
Claimant testified that Joseph Landis, the president of the corporation, had hired him at an hourly rate of pay to make alterations in the building; had told him to bring his social security card to the office, and that he would be “ on the payroll ’ ’; and had stated that the improvements were to be used for loading trucks and for storing more cars. At the close of the hearing on July 6, 1943, at which this testimony was developed, the referee disallowed the claim on the ground claimant was not an employee and notice of decision of disallowance of the claim was served July 8, 1943.
Further hearings were held. Among the witnesses was Joseph Landis. He said it was his wife who had purchased 200 Banker Street as her own personal investment in which the corporation had no interest and that she had leased the premises to another welding company in which neither she nor he had any interest. He testified he made no arrangement with Blenner to do the work of reconstruction testified to by claimant and that claimant was never hired by him or by the corporation to do any work.
On March 29, 1944, a further decision was made disallowing the claim on the ground that claimant was not an employee, but in November of that year the board reversed this decision and restored the case to the calendar and on further proof being taken, it was found that claimant was c 1 an employee of Joseph Landis ”.
Joseph Landis was again a witness on October 27, 1948, after the fipdiDg that he was personally the employer. He testified he had no business of his own and he worked for the corporation and that installations of gasoline tanks and equipment in 200 Banker Street had been paid for by the Landis Corporation. His attorney noted in his argument before the board that its decision had left Mr. Landis “ holding the bag ”.
*492 He argued that “ frankly speaking my client is beyond the day where he is going to raise the cudgels or raise his hand on behalf of some other concern.” >
He argued that the corporation and not Landis individually had made the gasoline tank installations in the premises. There is direct proof from fire department and building department records that the Landis Corporation had made changes in the building at 200 Banker Street. There is a consumer contract between the Gulf Oil Corporation and “ Joseph Landis, Inc., 200 Banker St., Brooklyn ” for gasoline. There is a similar agreement for lubrication, oil and grease.
The attorney for Mr. Landis stated before the board with reference to gas tanks at 200 Banker Street: “ The corporation needed gasoline * * * for their welding equipment. ” There is some other proof that the corporation’s trucks and men were used to help fix the building.
Part of this proof relates to a time after the accident, but it is in a consistent pattern of related facts indicating by strong and relevant circumstantial evidence that at the time of the accident and in a continuity of later events the corporation had a sufficient interest in the work being done at 200 Banker Street, title to which was held by its officer, Mrs. Landis, to have hired the claimant for that work even though the corporation itself never acquired a legal title or other formal legal interest in the premises.
The findings that the Landis Corporation was the employer of claimant and that he was injured in the course of employment are thus amply sustained in the record.
The insurance coverage, which is the main point argued by the carrier appellant is a much more debatable thing. The application for the policy gave 22 Franklin St., Brooklyn, as" the address of the insured; it stated that the operations were “ welding or cutting electric ” and “ welding or cutting oxyacetylene ” at 22 Franklin St., Brooklyn “ and elsewhere in N. Y. S.”
The declaration attached to the policy stated there were no other operations not enumerated and no affiliation with any other business. When the insured acted “as a contractor ” it was understood each job as a contractor “is to be separately reported in advance ”. This application was dated March 3, 1938.
On June 2,1939, the address of the insured was changed from 22 Franklin St. to 37 North 15th St., Brooklyn and a further indorsement dated January 27, 1942, gave the location of all *493 business operations as “ 37 North Street, Brooklyn, N. Y. & elsewhere in N. Y. State ”, with “15 St.” written in above and between “ North ” and “ Street ” and a further indorsement on March 3, 1943, correcting this to read “ 37 North 15th St., Brklyn, N. Y. & elsewhere in N. Y. State ’ ’ as the location of the assured’s interest and business operations. This was the policy at the time of accident.
"While it is true that the application stated a specific address for business operations and stated also that the insured had no business operations not enumerated, the addition of the words “ and elsewhere in N. Y. S.” which were copied and continued by the carrier in several subsequent indorsements shows a clear notice to, and acceptance of a knowledge of the fact by, the carrier that operations would be elsewhere than in the stated place of specific address.
The requirement of detailed notice of specific jobs when the insured acted as a “ contractor ” has no application to this claim because the insured was not thus acting on the occurrence of the accident but was acting, so it has been found, in pursuance of its own business.
In the construction of insurance policies and of coverage under the statute, the line of judicial action has been much closer to literalism than in most other phases of Workmen’s Compensation Law. This is to be noticed especially where there is both a deviation from the place of coverage and a deviation at the same time from the kind of work covered.
Matter of Di Bari v. Reilly (299 N. Y. 220) is a good example of this direction of interpretation. There the policy covered a restaurant operation at a specific Brooklyn address. Work by a plasterer employed by the insured to prepare another location for his business was said to be excluded from coverage.
In similar trend and in the same pattern is Matter of Nieder v. Garrett Busch & Sons, Inc. (262 N. Y. 656) where coverage was provided in the coal, feed and automobile business in two specified villages and claimant was injured while working as a carpenter in another village. A divided court held there was no coverage (p. 657).
Sometimes, but with more hesitation, it has been said that even if the work is within, but the place is without, the language of the policy there is no coverage (Matter of Pettit v. Reges, 242 N. Y. 272). This decision turned entirely on the place of coverage; the excavation work which claimant was doing would clearly have been within the policy. The recent decision here in Matter of Walker v. Johnson (276 App. Div. 1033) depended *494 on location, but the case turned on the narrow question whether it had been intended to cover locations outside the State, and the court reached a contrary view in reading of the language of that policy.
Matter of Davis v. Block & Smith, Inc. (297 N. Y. 20) has some peculiarities of its own. Besides the question of location of coverage there was an added factor that the work not on location was also not a business operation of the insured but rather a private project in a corporate officer’s home.
We think the language of the application and of the carrier’s several indorsements stating that the location of all business operations were the places specified “ and elsewhere in New York State ” allows unlimited location to-the situs of the work in New York. It was on the basis of almost identical language which he italicized, that Lewis, J., in Matter of Di Bari v. Reilly (supra, p. 227) distinguished the decision in Matter of Schultz v. Allanson (258 App. Div. 1010, affd. 284 N. Y. 611) from the case he then had under consideration.
Where the accident occurs in the place expressly designated in the policy, or where the language of designation is very broad in respect of place, and the situs of accident falls within the generality of description, the tendency seems to have been to include any hazardous work in the employer’s business within the scope of coverage, even though the kind of work is not expressly enumerated and the employer’s declarations say plainly he is carrying on no operations not specifically stated.
The reasons underlying some of the decisions may not always be consistent, and tend to vary from a reliance on the language of subdivision 4 of section 54 of the Workmen’s Compensation Law, as it formerly read, to a reliance on the language of the policy that coverage extends to the operations described in the declaration “ together with operations incident thereto ”. But while the reasons may vary, the trend of judicial direction is plain enough, once the main hurdle of place of employment has safely been passed.
To follow this trend it is profitable to examine Matter of Caputa v. Voges Mfg. Co. (257 App. Div. 871), decided here in 1939. Because the decision is in memorandum form, the facts are not fully in the report. Resort to the record (Cases and Briefs, App. Div., 3d dept., No. 2884) indicates that the operation shown in the declarations attached to the policy was ‘ ‘ composition goods manufacture — plastic ”. The place of operation was at a stated address in Ozone Park, “ and elsewhere in New York State This clause which is the distinguishing mark of the cases found to have coverage, was thus in that contract.
*495 The claimant was regularly employed in the manufacturing business of the employer, but he was injured at Port Washington, twelve miles from the employer’s plant while repairing a private yacht of an officer of the employer on Sunday.
There was proof that the company was engaged in repair and experimental work in marine engines, as the memorandum of decision indicates (p. 871), but there was no suggestion of any such operation in the declarations or contract of insurance. The declarations contained the statement that the employer was conducting no business operation not expressly disclosed.
The court held that the policy covered the work on the yacht some miles from the employer’s plant. Decision seems to have rested on the broad ground that under the former language of subdivision 4 of section 54 the claimant was included in the contract if he was an employee working at or in connection with the business unless “ expressly excluded ” by the terms of the contract. It was held that since the work on the yacht claimant was doing when injured was not expressly excluded, he was covered (257 App. Div. 872). The decision seems to imply that it is not merely the business “ set forth in the contract ” but any business of the employer that comes within the contract of insurance.
The amendment to subdivision 4 of section 54 in 1939 (L. 1939, ch. 404) struck out the qualifying language that coverage exists unless the employee .is “ expressly excluded ” and left unrestricted the much broader legislative direction that the policy should cover “ all employees of the employer ” employed at or in connection with ‘ ‘ the business of ’ ’ the employer.
Even where there was attempt made to exclude expressly specified employments in order to come within the former language of the statute, there was still a tendency in construction toward inclusion of coverage. Thus, in Matter of Sullivan v. Audlame Realty Corp. (246 App. Div. 872) the policy covered “ removal of debris ” in connection with new construction and expressly excluded “ wrecking ”. (Cases and Briefs, App. Div., 3d dept., No. 2618.) Claimant was injured while tearing down a wall in the employment of his employer. The court felt the indorsement of exclusion was inoperative because it was not properly countersigned, but even if operative, the general language relating to “ all operations ” necessary or incident to the work (described, however, as “ removal of debris ”) was sufficient to cover an injury while tearing down a wall.
Another instance of decision in the same direction is Matter of Imperiole v. A. H. and L. Bldg. Corp. (255 App. Div. 739) *496 where a laborer and cleaner, injured lifting a heavy beam, was. held to be covered by a policy classifying the work as ‘ ‘ watchman ”. (Cf., also, Matter of Nuborazek v. Waterman, 275 App. Div. 878.)
The present rule of coverage may be summarized by saying that if the work is a kind which would require coverage under the statute; if it is found to be in pursuance of the insured employer’s business; if it is at the location of coverage, broadly or narrowly stated as the case may be, the accident is within the policy. If, as it has been found, the claimant was doing carpenter work in connection with the insured’s business within the State he is covered.
The decision and award should be affirmed, with costs to the Workmen’s Compensation Board.
Poster, P. J., Brewster, Dexo and Coon, JJ., concur. Decision and award affirmed, with costs to the Workmen’s
Compensation Board. [See 278 App. Div. 594.]