**D. K. MacDONALD & CO. OF ALASKA, Inc. et al.**

v.

**ALASKA INDUSTRIAL BOARD et al.**

**No. 6750-A.**

District Court, Alaska.
First Division, Juneau.

Nov. 25, 1953.

Opinion Adhered to on Rehearing
Jan. 13, 1954.

See 117 F.Supp. 401.

Robert Boochever, Juneau, Alaska, for plaintiffs.

M. E. Monagle, for Def. Gilbertson, Juneau, Alaska, for defendants.

FOLTA, District Judge.

This is an appeal by the insurer only, from a denial of its motion to dismiss and an award of the Alaska Industrial Board to defendant Anderson, who did not appear or otherwise participate in the proceeding before the Alaska Industrial Board.

All of the material evidence in this case was elicited from the defendant Gilbertson who, although he is the employer of the injured claimant, is the real party defendant in interest. Anderson, aside from filing his claim, has shown no interest in the administrative proceeding and by answer in this action disclaims any interest in the award or this appeal and alleges that a common-law action against his employer is now pending in this court at Fairbanks.

The facts as stated by the employer Gilbertson, and found by the Board, are as follows: Anderson was employed by Gilbertson as manager of the Pioneer Hotel Bar and Grill. On July 2, 1951, while returning from a flight to various hunting and fishing spots in a plane owned and piloted by Gilbertson, Anderson was seriously injured in a crash of the plane in the Chena River near Fairbanks. The employer testified that it had been the policy for the past three years to provide free recreation for male employees of the Pioneer Hotel at several fishing lodges owned by him. Regular wages were paid during these recreation periods. On the day of his injury, Anderson performed useful labor at the fishing lodges by felling logs, building mooring facilities and making minor repairs to a building, and he was paid his wages in full for that day.

In support of its motion to dismiss, the insurer contends that Anderson's injury did not arise out of and in the course of his employment, and that the insurance policy did not cover the risk of this particular injury because it did not arise out of an operation incidental or appurtenant to, or connected with, the business of the Pioneer Hotel.

The Board, however, found that the policy covered "all the liability of the insured, not only at the hotel and bar in Fairbanks but also *including all operations of every nature incidental* thereto in any location subject to the Alaska Workmen's Compensation Act." (Italics supplied.) The Board further found that the airplane trips to the remote fishing lodges, as a fixed personnel policy of the employer, made "travel between Fairbanks and these remote locations both an incident of the employment and an operation incidental to the operation of the Pioneer Hotel", and concluded that Anderson suffered accidental injury arising out of and in the course of his employment.

The insurer challenges the award on the following grounds:

(1) That the injury complained of did not arise out of and in the course of employment;

(2) That the insurance policy did not cover the injury;

(3) That as between the employer and insurer the policy is voidable at the insurer's election because (a) it was procured by employer's misrepresentations, and (b) the employer not only failed to cooperate in the defense of this claim but also took an active part in the administrative proceeding to secure an award.

The questions presented, a negative answer to either of which will dispose of the entire controversy, are:

(1) Does the policy cover the injury? and

(2) Was there a causal connection between the injury and the employment?

■ It should be noted that the contest is really between the employer and his insurer although the employee is nominally the real party in interest. In the determination of such a dispute, the applicable law is that governing ordinary insurance litigation. Fidelity & Casualty Co. of New York v. Vantaggi, 300 Mich. 528, 2 N.W.2d 490; Larson, Workmen's Compensation Law, Secs. 94.00–94.30; 45 C.J.S., Insurance, § 824.

■ The policy expressly incorporates the local workmen's compensation act, and provides, par. 6, that:

"This agreement shall apply to such injuries so sustained by reason of the business operation described in said Declarations which, for the purpose of this insurance shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declaration or elsewhere in connection with, or in relation to, such work places."

Items 3 and 4 of the Declarations of the policy are as follows:

"Location of all factories, shops, yards, buildings, premises, or other work places of this Employer by Town or City with Street and number: Fairbanks, Alaska."

"This Employer is conducting no other business operations at this or any other location not herein disclosed—except as herein stated: Not Stated."

The "Classification of Operations" covered by the insurance policy is set forth as

"Hotel including clerical office employees.

Cocktail Bar"

Special Condition No. 3 of the policy provides that:

"Locations and operations as described in Item 3 of the Declarations shall include operations covered hereby conducted or located within the Territory of Alaska * * * U. S.A., and upon the waters between

and adjacent thereto *including all operations of every nature incidental* to Hotels and Cocktail Bars." (Italics supplied.)

The compensation act, Section 43–3–21, A.C.L.A., provides that

"All policies of insurance companies insuring the payment of compensation under this Act shall be conclusively presumed to cover all the employees and the entire compensation liability of the insured employer employed at or in connection with the business of the employer carried on, maintained, or operated *at the location or locations set forth in such policy or agreement.*" (Italics supplied.)

The key sentence in the Board's decision on the coverage point is the following:

"Examination of the statute and the policy form reveals that the policy was intended to cover all the liability of the insured, not only of the hotel and bar in Fairbanks but also 'including all operations of every nature incidental' thereto in any location subject to the Alaska Workmen's Compensation Act."

It is believed that the Board was led into error by using the phrase "including all operations of every nature incidental" out of context. In the policy the foregoing quoted phrase is used only once and is followed by the words "to Hotels and Cocktail Bars". The proper phrase, which the Board apparently meant to use, is more restrictive and appears in paragraph 6, quoted above, but may be rephrased for present purposes to read "includ[ing] all operations necessary, incident or appurtenant thereto, or connected therewith". Moreover, there is no discernible justification for the Board's ruling that the policy covers "any location subject to the Alaska

Workmen's Compensation Act". The proper construction of Items 3 and 5 of the policy and Section 43–3–21, A.C.L.A. 1949, is that the only location covered by the policy was the Pioneer Hotel in Fairbanks. Likewise, the proper construction of paragraph 6, Special Condition No. 3 and the Classification of Operations, when construed in connection with Items 3 and 5 and Section 43–3–21, is that the only operations covered by the policy were those necessary, incident or appurtenant to or connected with the Pioneer Hotel in Fairbanks.

■ Thus the question is narrowed to the determination of whether the airplane trips to the remote fishing lodges were necessary, incidental or appurtenant to, or connected with the business of the Pioneer Hotel Bar and Grill, since it is apparent that the policy is expressly limited otherwise to the location of the Pioneer Hotel in Fairbanks.

Upon this record, I cannot hold that the work Anderson did at the lodges, or the trips to and from the lodges were connected with or incidental to the maintenance and operation of the Pioneer Hotel which the employer carried on as a business in Fairbanks, Alaska. Ample support for this conclusion will be found in the New York cases, New York Workmen's Compensation Law, § 54(4) being then similar to Section 43–3–21, A.C.L.A. 1949. Di Bari v. Reilly, 299 N.Y. 220, 86 N.E.2d 571, 574; Davis v. Block & Smith, 297 N.Y. 20, 74 N.E.2d 220, 223; Lent v. 850 Seventh Ave. Corp., 259 N.Y. 616, 182 N.E. 205; Pettit v. Reges, 242 N.Y. 272, 151 N.E. 450; Contrast, Blenner v. Joseph Landis, Inc., 277 App.Div. 489, 100 N.Y.S. 2d 795.

Since this conclusion disposes of the controversy, it is unnecessary to discuss the remaining question. Accordingly, the award of the Industrial Board is reversed.