■ In the Matter of the Claim of ELIZABETH SCAMMELL, Respondent, v. DELEECE PASTRIES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Bakers Mutual Insurance Company of New York from a decision of the Workmen's Compensation Board. The sole issue involved on this appeal is whether the policy of compensation insurance issued by the appellant to the employer herein provided coverage for the location at which the claimant's accident occurred. The policy was issued to Deleece Pastries, Inc., d/b/a Babak Cake Delicious, 104-33 Queens Blvd., Forest Hills, Long Island, New York and covered a bakery operation as well as a retail store. It was issued on October 9, 1955 and at that address in Forest Hills a bakery as well as a retail store were operated. The policy provided that the only location from which operations were conducted was the Forest Hills address and further specifically stated: "Item 6. The insured is not conducting other operations at or from the locations described herein or any operations at or from any other location in a state designated in Item 3; exception, if any None." On June 6, 1956 Deleece Pastries, Inc., opened a store at another location several blocks away in Fresh Meadows under the name "Vendome" and in which bakery products made at the Forest Hills location were sold. The claimant was employed at this new location and on June 17, 1956 she sustained an injury in the course of her work. The board has found that the operation at the location of the injury was "an integral part and an extension of the operations conducted at the address set forth in the policy" and made the award against the appellant. The employer did not notify the appellant of the opening of the store in Fresh Meadows and no change had been made in the policy at the time of the accident to include that location. The respondent cites several cases in some respects similar to the present case in which coverage has been held to have been provided for accidents occurring at locations other than the specific location set forth in the policy. In those cases, however, after reciting the specific location the policies went on to provide "and elsewhere in N. Y. S." No such provision was included in the policy here involved and in fact it is very specific in limiting the coverage to the one location set forth therein. While under subdivision 4 of section 54 of the Workmen's Compensation Law a liberal construction is to be afforded such policies the court cannot extend the coverage of the policy to an accident occurring at a location clearly outside of its terms (cf. *Matter of Davis v. Block & Smith,* 297 N. Y. 20; *Matter of Di Bari v. Reilly,* 299 N. Y. 220). Decision and award reversed and matter

remitted to the Workmen's Compensation Board, with costs to appellant. Coon, Herlihy and Reynolds, JJ., concur; Bergan, P. J., dissents and votes to affirm, in the following memorandum, in which Gibson, J., concurs: The statute required, and therefore the policy issued by the appellant insurance company, is deemed by law to have provided, that the policy included, not only all employees working "at the location or locations set forth in" the contract or agreement of insurance coverage, but also all employees "in connection with" such business. (Workmen's Compensation Law, § 54, subd. 4.) This coverage of employees in connection with such business would arise notwithstanding the statement by the insured that "all" the work places are "located at" the Queens Boulevard address. If in "connection with" the operations at that address employees worked outside of the address, it seems clear that the statute directs they be covered. That salesmen drivers, chauffeurs and their helpers were intended to be covered even though not physically working in the Queens Boulevard address is expressly stated. A single set of records covering the original business and its extension to the additional address was maintained at the Queens Boulevard store, where the products sold at both locations were manufactured. It is well within the fact-finding power of the board to find that the place where this claimant was hurt was an outlet for the Queens Boulevard operation and hence the claimant was hurt while working "in connection with" that business. Where, as it here appears, the premiums were paid to the insurance company covering this injured employee working in connection with an operation which was a mere incident to the business of the covered address, the carrier and not the employer, ought to be required to pay the compensation to which claimant is entitled. I vote to affirm.