■ In the Matter of FRANK ARAGONA, Respondent, v. KARL'S K. K. TRADE SHOP, INC., Respondent, and NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS WELFARE FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed March 16, 1973. The only question raised is whether the coverage of a disability benefits plan filed by appellant, New York City Council of Carpenters Welfare Fund, extends to claimant, a member of the Nassau County District Council of Carpenters and employed on September 20, 1971, the time he became disabled, by the employer in commercial installation of resilient tile at Roosevelt Field, Nassau County. The disability plan filed by appellant covered " All carpenters employed by participating employers in the City of New York and vicinity pursuant to collective bargaining agreements between the General Contractors Association, Building Trades Employers Association, various other Employers and the District Council of New York City and vicinity of the United Brotherhood of Carpenters and Joiners of America dated July 1, 1966 and executed on or subsequent to July 1, 1966." By definition the term carpenters included resilient floor layers and finishers. On May 18, 1970, the employer entered into a collective bargaining agreement with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (hereinafter referred to as the Union), whereby it recognized the Union as " the sole and exclusive bargaining agent for those employees of the Employer covered by this Agreement doing work within the jurisdiction of the Union." This agreement does not define the geographic area of the Union jurisdiction, nor is the same defined in the filed disability plan. The record, however, indicates that jurisdiction of the Union depends upon the type of work being performed and that for commercial installation of resilient tile, the Union's jurisdiction extended to the five boroughs of New York City, the adjacent island and that portion of Nassau County south of the Southern State Parkway as far east as Seaford Creek. Admittedly, Roosevelt Field is not within this jurisdictional area. The employer, while asserting no knowledge of this jurisdictional limitation, hired claimant through the Nassau County District Council of Carpenters, which had jurisdiction at Roosevelt Field, and not through the Union, and did not include claimant in its monthly report to the Union for the payroll period ending September 29, 1971. He was, however, included in the monthly report to the Nassau County District Council of Carpenters. On October 26, 1971, claimant made a claim for disability benefits which was rejected by appellant on November 12, 1971 on the ground that it was not the carrier liable for the payment of disability benefits. On December 9, 1971, appellant advised the Workmen's Compensation Board that it was paying the claim without prejudice and requested a hearing. On June 9, 1972, the hearing referee made an award for disability benefits against appellant at the disability rate of $85 per week and closed the case. On March 16, 1973, the board, in affirming this award, determined that " By contract with the union, the employer made contributions for disability benefits to New York City Welfare Fund when employees worked in New York City, and to the Nassau County Welfare Fund when employment was located there. * * * that the employer made contributions to the New York City Council for coverage, pursuant to his contract with the union; that the plan filed by the Council with the Workmen's Compensation Board describes the area of coverage as New York City and vicinity, without reference to any lines in Nassau County. The majority

of the Board Panel further finds that the Nassau Council has no disability program and no payments could therefore be made for coverage to the Nassau Council." The plan filed by appellant specifically limited coverage insofar as it is pertinent to this claim, to carpenters employed by participating employers in the City of New York and vicinity pursuant to collective bargaining agreements between the employers and the Union. The collective bargaining agreement between the Union and the employer herein executed on May 18, 1970 provided under paragraph (E) of article I that: "The Employer recognizes the Union as the sole and exclusive bargaining agent for those employees of the Employer covered by this Agreement doing work within the jurisdiction of the Union." At the hearing there was uncontradicted evidence that the jurisdiction of the Union over commercial installation of resilient tile did not extend to Roosevelt Field. Although the employer denied any knowledge of the jurisdictional area of the Union, this denial was inconsistent with its actions in hiring the claimant and in its payments for Union benefits. Claimant was hired through the Nassau County District Council of Carpenters and not through the Union. Reports of employment for purposes of benefits concerning claimant were made to the Nassau County District Council of Carpenters and not to the Union. It thus becomes clear that the employer was aware of the jurisdictional lines of the Union. Claimant, being a member of the Nassau County District Council of Carpenters, is also chargeable with knowledge of the jurisdictional area of his own union. It is not disputed that the Union and the Welfare Fund could limit the coverage of its plan of disability benefits. Here, while the work being performed was of a type covered by the plan, the location of the work was outside the coverage. Under the circumstances, appellant could properly deny coverage and liability. (*Matter of Di Bari* v. *Reilly*, 299 N. Y. 220.) Decision reversed, and matter remitted for further proceedings, with costs to appellant against the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Main, JJ., concur.