In the Matter of the Claim of PASQUALE CAPUTA, Respondent, against THE VOGES MANUFACTURING CO., INC., Employer, Respondent; LIBERTY MUTUAL INSURANCE COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim of THOMAS CHIRILLO, Respondent, against THE VOGES MANUFACTURING CO., INC., Employer, Respondent; LIBERTY MUTUAL INSURANCE COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal by insurance carrier from awards to claimants. The question presented is that of insurance coverage. The declaration of the policy gives the location of all work places as Ozone Park and elsewhere in New York State and specifies the type of work as " Composition Goods Manufacturing." It states that the employer " is conducting no other business operations at this or any other location not herein disclosed * * * no exceptions." The employer is engaged at such location in the business of manufacturing composition goods, building machinery and doing various repair work on marine engines and experimental work; it operates a machine shop in connection with the manufacture of composition goods and its other business. The different activities are carried on at one plant; the mechanical and experimental work consisting of less than three to five per cent of the business. The employees are carried on a general payroll on which they are not classified to distinguish between composition goods workers and mechanical workers. The vice-president of the company owned a pleasure yacht which he occasionally used in the company business, and claimants were directed by the employer to work on the yacht on a Sunday at the shipyard, where it was on land. While thus working an explosion occurred, causing the accident in question. They had previously done work on the boat and the employer concedes that they were engaged in the course of their employment, and for this work they were paid by the employer, receiving overtime payment therefor, and their wages were included in the payroll on which premiums on the policy were computed and paid. Both claimants were employed regularly in the general business of the employer. The carrier asserts no coverage because the declaration specifies the only business operations as composition goods manufacturing; that this was the only business activity which it contracted to insure. By subdivision 4 of section 54 of the Workmen's Compensation Law every contract of insurance shall be deemed to

include all employees of the employer at or in connection with the business carried on at the location set forth in the contract, " unless any such employee or employees, or class of employees, shall by the terms of such contract or agreement be expressly excluded therefrom." The policy does not expressly exclude any employees engaged in connection with the business at the location specified therein. Awards affirmed, with costs of one appeal to be divided between the employer and State Industrial Board, respondents, together with printing disbursements to each respondent. Hill, P. J., McNamee, Bliss and Heffernan, JJ., concur.