In the Matter of the Claim of Lucille De C. Le Gere, Respondent, against Thomas Lorenc, Respondent, and General Mutual Insurance Company, Appellant. Workmen's Compensation Board, Respondent.— Appeal by an insurance carrier alone from an award of compensation for temporary total disability. The only issue is one of insurance coverage. The employer operated a restaurant and bar at No. 131 So. Washington Street, Herkimer, N. Y., and lived with his invalid sister in rooms upstairs over the restaurant. Claimant testified that she was employed to do housework and take care of her employer's invalid sister, and that she did cleaning downstairs in the restaurant. The employer testified that she was employed to work all around inside the building, upstairs and down. He had no other employees. Claimant was accidentally injured while giving the employer's invalid sister a bath. The policy of insurance covered all employees of a restaurant at the premises named, except entertainers, and covered all operations named in the declarations, which specified only restaurants, together with all operations necessary, incident or appurtenant thereto. It seems rather obvious that taking care of the invalid sister was not necessary, incident or appurtenant to the operation of the restaurant. The board found that claimant's employment "required her to perform services in and about the employer's restaurant and in conjunction therewith, to render services in the living quarters of the employer above the restaurant." This begs the question so far as coverage is concerned. The test is whether claimant's duties upstairs as a domestic and pseudo nurse were incident to her employment in the restaurant, both under the language of the policy and subdivision 4 of section 54 of the Workmen's Compensation Law. The statute does not say, as the Attorney-General suggests, that a policy shall be deemed to cover all employees *at* the place of business of the employer. It says that a policy "shall be deemed to include *all employees* of the employer *employed at* or *in connection with the business* * * * carried on,* maintained or operated at the location." (Emphasis supplied.) There is no substantial evidence to sustain the finding of the board that claimant "was essentially in an employment contemplated under the policy and covered thereby." And there is no evidence whatever that the insurance company had any reason to believe that its policy was supposed to cover a domestic and pseudo nurse. Award reversed, on the law, and claim dismissed as to appellant, with costs against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.