■ In the Matter of the Claim of ROBERT SMITH, Respondent, against GUSSIE WHITE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by employer and its carrier from a decision and award of the Workmen's Compensation Board. Both appellants contend that claimant was an independent contractor and appellant carrier further contends that its policy covered neither claimant nor the premises where his injury occurred. Employer's premises included a restaurant and a two-story dwelling with an open-air eating stand between them. Employer occupied a part of the dwelling as his residence and a portion of it was occupied by his tenants. Claimant was injured while repairing a ceiling in a bathroom in the part occupied by the employer. The board was warranted in finding upon this proof that claimant's work was performed in a "business * * * carried on by the employer for pecuniary gain". (Workmen's Compensation Law, § 2, subd. 5.) A like finding was affirmed in *Matter of Reid* v. *Rose* (281 App. Div. 1062, affd. 306 N. Y. 880),

where the premises consisted of a two-family house occupied by the employer and a tenant and claimant was injured while repairing a picket fence. The Attorney-General's assertion here that the bathroom was common to both portions of the house is not supported by proof, but the board's decision does not appear to have been predicated on that supposed fact and we do not consider that a rental property such as this must be partitioned with reference to the owner's and the tenant's occupancies for purposes of the statute's application. There was little dispute in the proof bearing on claimant's status. The employer asked him to repair the ceilings in two rooms and obtained his opinion as to a suitable material, which claimant then ordered and employer paid for. There was no discussion either as to the overall cost of the job or as to an hourly or other rate for the work to be performed. When the work was completed claimant charged for it at an hourly rate. On previous occasions claimant performed work for employer on both the restaurant and dwelling premises under like arrangements. In this case, the employer observed the work as it was being done but there was no supervision as such because, as he testified, there was no need of it, as he knew little of carpentry work and was satisfied that claimant would perform it competently. The purely factual issue as to claimant's status was for the board's determination and its finding is supported by substantial evidence. The standard form of policy issued by the carrier to the employer specified the location of his business operations as Scottsville Road, Rochester, and elsewhere in New York State. Thus the situs of claimant's employment was included. The policy specified employer's business as " Restaurants " but it is now well recognized that such a description does not exclude other businesses of the employer which are subject to the statute and are carried on at a location covered by the policy. Commenting on *Matter of Caputa* v. *Voges Mfg. Co.* (257 App. Div. 871), this court said, " The decision seems to imply that it is not merely the business ' set forth in the contract' but any business of the employer that comes within the contract of insurance." (*Matter of Blenner* v. *Joseph Landis, Inc.,* 277 App. Div. 489, 495, motion for leave to appeal denied 302 N. Y. 947.) Subdivision 4 of section 54 of the Workmen's Compensation Law provides that the contract of insurance " shall be deemed to include *all employees* of the employer employed at or in connection with *the business* of the employer carried on * * * *at the location or locations* set forth in such contract ". (Emphasis supplied.) In the *Blenner* case (*supra,* p. 496), this court analyzed the statute and reviewed the authorities and stated its conclusion thus: " The present rule of coverage may be summarized by saying that if the work is a kind which would require coverage under the statute; if it is found to be in pursuance of the insured employer's business; if it is at the location of coverage, broadly or narrowly stated as the case may be, the accident is within the policy." The board correctly applied the rule and properly found coverage. The appellant carrier mistakenly relies upon *Matter of Le Gere* v. *Lorenc* (282 App. Div. 791). Although the test there applied was whether the work of claimant (the employer's sole employee) in caring for the employer's invalid sister was an incident of claimant's employment in his restaurant, that test had to be applied because of the board's particular finding as to coverage, as claimant's domestic or nursing services, unlike the work of the claimant here, would not otherwise have been performed in any business of the employer, so as to have required coverage under the Workmen's Compensation Law. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.