In the Matter of the Claim of MILDRED JONES, Respondent, v. HOWLAND COSTUME COMPANY, Respondent, and COMMERCIAL INSURANCE COMPANY OF NEWARK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by an insurance carrier under a policy issued to employer "Marjorie Howland d/b/a Howland Costumes", the policy classifying her operations as "Retail Stores" and stating that "insured is not conducting other operations"; appellant contending that it is not liable for the award for the disability of the claimant, employed to press costumes, incurred as the result of an accidental injury sustained while she was, at the direction of the employer, cleaning the employer's private apartment, which was in the same building as the business premises but was not part of them. Despite the carrier's disclaimer, the employer did not appear at any hearing nor did she appeal

from the board decision. (The carrier's notice of appeal is directed to her, among others; whether or not she was served therewith does not appear.) The basis of the decision was as follows: "The Board finds that inasmuch as the claimant was directed by the employer to do some work in her personal apartment during the regular working hours of her regular job, the claimant continued to remain in her employment and therefore, the accident arose out of and in the course of her employment and was covered by the employer's insurance policy." Claimant's injury occurred while she was engaged in domestic service or employment, which was expressly excluded from the coverage of the policy "unless required by law", and coverage of claimant's work of less than 48 hours per week as a domestic was not so required (Workmen's Compensation Law, § 3, group 12); or unless "described in the declarations" of the policy, and it was not so described. Further, the work in the apartment was not incidental to the covered work in the costume business (*Matter of Le Gere* v. *Lorenc*, 282 App. Div. 791; and, see, *Matter of Blenner* v. *Joseph Landis, Inc.*, 277 App. Div. 489, 496, mot. for lv. to app. den. 302 N. Y. 947); the board did not find that it was incidental, explicitly at least; and the contention in the board's brief that the carrier stipulated that it was, in fact, incidental seems, in context, clearly unfounded. The award as against the carrier was unauthorized by the record and cannot be sustained. The question of the employer's liability is not open to our consideration. Decision reversed and claim remitted for further proceedings not inconsistent herewith, with costs to appellant carrier against the Workmen's Compensation Board. Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.